IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1875, IN THE FIFTY-NINTH YEAR OF THE STATE.

---

## WILLIAMS v. THE STATE.

CRIMINAL LAW.—*Evidence.*—*Falsely Personating Another.*—To sustain an indictment under section 26, 2 G. & H. 445, the evidence must show that the money or property obtained by falsely personating another was intended to be delivered to the party personated.

SAME.—*Larceny.*—*Will not Lie for Obtaining Money by False Representations.*—An indictment for larceny cannot be sustained, under section 19, 2 G. & H. 442, where the evidence shows that the defendant assumed the name of another person and falsely represented himself to be the person whose name he assumed, and on the faith of such representation obtained the money or property alleged to be stolen.

From the Warren Circuit Court.

*J. McCabe*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

PETTIT, C. J.—The indictment in this case was in two counts. The first count was based on sec. 26, 2 G. & H. 445, which reads as follows :

" Every person who shall falsely personate or represent another, and in such assumed character shall receive any property intended to be delivered to the party so personated, with intent to convert the same to his own use, shall be deemed guilty of larceny, and shall suffer the punishment inflicted on those guilty of grand or petit larceny, according to the value of the property so received."

The second count was for grand larceny, in the proper form, under sec. 19, 2 G. & H. 442.

There was a trial and verdict of guilty of grand larceny on the second count, and, over a motion for a new trial, judgment on the verdict.

The only question properly before us is as to the sufficiency of the evidence to sustain the verdict. We set out the whole evidence, which is this:

" Isaac N. Taylor sworn testified as follows: My name is Isaac N. Taylor; I reside two miles north of Marshfield, Warren county, Indiana; the defendant, Henry Williams, came to my house between sundown and dark on the 19th of June, 1874, and called me out to the fence and asked if Stephen Briggs had left any money there that day for him, and I answered that he had not; he seemed surprised, and said he was to have done so, and that he did not know how he would get along without it, as he had to pay some debts for hogs purchased, and asked me to let him have twenty dollars; I said, ' I don't know you; who are you?' and he said, ' I am William Goodwine;' I supposed he was William Goodwine, and took out a twenty dollar bill—it was so dark I could not see the nought—and handed it to him; he said it was twenty dollars; I thought it was William Goodwine, when I let him have the money; this occurred in Warren county, Indiana, on the 19th day of June, 1874; I would not have let him have the money, if I had not thought at the time that he was William Goodwine; he came there in a buggy, driving a gray team, and went away in a south direction; the money he got of me was a twenty dollar bill, called national currency or

black-backs, and was of the value of twenty dollars, and was my property.

"Bayard Taylor was sworn, and testified as follows: Am a son of Isaac N. Taylor; I was in the front door of father's house when the defendant drove up on the 19th of June, 1874; the defendant told my brother to tell father to come out, and my father went out to the fence; he asked father if Stephen Briggs had been along there that day, and left any money for him; my father said he had not; he said he should have done so, and asked father to let him have twenty dollars; father then asked him his name; he said, 'I am William Goodwine;' he got out of the buggy and faced around so that I could see him full in the face, and I know the defendant there is the same man that I saw at father's; he drove a gray team; father let him have twenty dollars.

"Joab Taylor was sworn, and testified as follows: Am a son of Isaac N. Taylor; I was at home on the 19th of June, 1874; defendant drove up and told me to tell father to come out; it was kind of dark; I did so, and he asked if Stephen Briggs had been there and left any money for him that day; and father told him no; he then asked father to let him have twenty dollars; father asked him who he was, and he said he was William Goodwine; father took the money out of his pocket and handed it to him; he took it and drove off.

"Marshall Crompton was sworn, and testified as follows: I live north of Marshfield; the defendant came to my house on the 19th of June, 1874, and called me out and wanted to know if I could change a bill; I know William Goodwine; this defendant is not William Goodwine.

"Noah Griner was sworn, and testified as follows: I live north of Marshfield, in this county; defendant came along one day last June, I think on the 19th, and called me out, and wanted to know if my father was at home, and I said I had no father, and he said, 'Oh, yes, this is not the white house;' and he drove away; he drove a gray team.

"David Haltz was sworn, and testified as follows: I reside

in Marshfield, in this county; saw defendant about seven o'clock P. M., on the 19th of June, 1874; I changed a twenty dollar bill for him then; it was a black-back; he told me then that his name was Henry Williams.

"Jesse E. Hedrick was sworn, and testified as follows: I am acquainted with William Goodwine, and this defendant is not him; I know of but one William Goodwine."

The evidence totally fails to sustain or support a finding of guilty under the first count, because it does not show that the money obtained by the defendant from Taylor was intended to be delivered to Goodwine, the party or person personated.

Does the evidence sustain the finding of guilty under the second count of the indictment? The evidence possibly might sustain an indictment for obtaining money by false pretences, under sec. 27, 2 G. & H. 445, but we do not think it does or can sustain the general charge of larceny, under sec. 19, 2 G. & H. 442, which provides as follows: "Every person who shall feloniously, steal, take and carry, lead or drive away the personal goods of another." This section, we think, does not make it larceny to obtain the property of another by fraud, lies, and false representation. We think the evidence did not justify the verdict of the jury.

The judgment is reversed, with instructions to grant a new trial. The clerk will issue the proper order for the return of the prisoner.