[No. 5254-1. Division One. January 9, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. GAYLAND D. MCKINNEY, *Appellant.*

*Marston & Hodgins* and *Halleck H. Hodgins,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Philip Y. Killien, Deputy,* for respondent.

FARRIS, C.J.—Gayland Dale McKinney appeals from a judgment entered on a jury verdict finding him guilty of

robbery in the first degree while armed with a firearm. We affirm.

At approximately 5:30 p.m. on August 4, 1976, McKinney and a companion, both of whom were escapees from a work release program, went to a tavern near their apartment where they drank beer and played pool for several hours. Around midnight, McKinney's companion suggested that they rob the tavern. McKinney procured a paper bag in which to put the money; his companion then pointed a gun at the bartender and told McKinney to get the money from the till. McKinney testified at trial:

A Well, I was scared to death at first, and then the next thing I thought was just getting out of there.
Q What were you afraid of?
A Well, I don't [know] if he would have shot me or not, but he might have shot somebody. So I just wanted to get it and go.
Q Do you think that he was the sort of person that would actually shoot someone?
A Yes, I really think he is.
Q Did you think it was possible that he might shoot you?
A Yes. When he left the work release program over there he said he wasn't going back to jail, and right after that he got a gun.
Q Did you have an intent to rob the tavern?
A No, sir.

McKinney admitted that he knew that his companion had a gun when they entered the tavern, that he took the money and returned to the apartment with his companion, and that they traveled together to California where they eventually separated.

Two issues are raised on appeal: whether the trial court erred (1) in refusing to instruct the jury on the defense of duress and (2) in failing to use the words "with intent to steal" when instructing the jury on the elements of the crime of robbery.

■ Duress is defined in RCW 9A.16.060:

(1) In any prosecution for a crime, it is a defense that:
(a) The actor participated in the crime under compulsion by another who by threat or use of force created an

apprehension in the mind of the actor that in case of refusal he or another would be liable to immediate death or immediate grievous bodily injury; and

(b) That such apprehension was reasonable upon the part of the actor; and

(c) That the actor would not have participated in the crime except for the duress involved.

(2) The defense of duress is not available if the crime charged is murder or manslaughter.

(3) The defense of duress is not available if the actor intentionally or recklessly places himself in a situation in which it is probable that he will be subject to duress.

(4) The defense of duress is not established solely by a showing that a married person acted on the command of his or her spouse.

McKinney claims that evidence was presented at trial showing that he was coerced into taking the money from the till and that, had he not cooperated with his companion, either he (McKinney) or the bartender might have been shot. Therefore, he argues, under RCW 9A.16.060, the jury should have been instructed on the defense of duress. We disagree. Duress, an issue raised by affirmative defense, ought not be considered by the jury when the defendant fails to introduce substantial evidence to support it. *See State v. Canaday,* 79 Wn.2d 647, 488 P.2d 1064 (1971). There is nothing in the record to suggest that McKinney acted under any personal constraint or that he was threatened by his companion. *See State v. Harris,* 57 Wn.2d 383, 357 P.2d 719 (1960). The trial court did not accept the argument that, fearful of harm to his victim, McKinney was compelled to execute the crime. Neither do we. One who intentionally or recklessly places himself in a situation in which it is probable that he will be subject to duress is not afforded the defense. RCW 9A.16.060(3).

 McKinney contends that the following instructions fail to include the element of intent as a necessary part of the crime of robbery:

To convict the defendant of the crime of robbery in the first degree, each of the following elements of the crime must be proved beyond a reasonable doubt:

 (1) That on or about the 4th day of August, 1976, the defendant or another participant in the robbery unlawfully and intentionally took personal property from the person or presence of another;

 (2) That the taking was against the person's will by the use or threatened use of immediate force, violence or fear of injury to that person;

 (3) That the force or fear was used to obtain or retain possession of the property or to prevent or overcome resistance to the taking;

 (4) That in the commission of these acts the defendant or another participant in the robbery displayed what appeared to be a firearm or other deadly weapon, and the defendant knew that said weapon was displayed;

 (5) That the acts occurred in King County, Washington.

If you find from the evidence admitted in this case that the state has proved beyond a reasonable doubt the foregoing elements of the crime charged, then it is your duty to return a verdict of guilty.

Instruction No. 3.

A person commits robbery when he unlawfully takes personal property from the person of another or in his presence against his will by the use or threatened use of immediate force, violence, or fear of injury to that person or his property or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial.

A person commits the crime of robbery in the first degree when in the commission of a robbery he or another participant displays what appears to be a firearm or other deadly weapon.

A person is guilty of robbery in the second degree if he commits a robbery not amounting to robbery in the first degree.

Instruction No. 5. Instruction No. 5 follows the wording of the statute defining robbery, RCW 9A.56.190, and instruction No. 3 sets forth the essential elements of the crime as provided by that statute. Where the law governing a case is expressed in a statute, the court not only may, but

should, use the language of the statute in instructing the jury. *State v. Hardwick,* 74 Wn.2d 828, 447 P.2d 80 (1968). In his assertion that the words "with intent to steal" must be used, McKinney relies upon *State v. Carter,* 4 Wn. App. 103, 480 P.2d 794 (1971), wherein the court held that the use of the word "unlawfully" alone in a formula instruction on the elements of robbery was insufficient to inform the jury that intent was an essential element of the crime. Here, the instruction reads: "unlawfully *and intentionally.*" (Italics ours.) The trial court's instructions permitted McKinney to thoroughly argue to the jury his theory of the case. No more is required. *State v. Hardwick, supra.*

Affirmed.

CALLOW and ANDERSEN, JJ., concur.

Reconsideration denied February 16, 1978.

Review denied by Supreme Court July 21, 1978.