[No. 5457-1. Division One. March 20, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. MARTIN ARTHUR KRAUS, *Appellant.*

*Chris L. Matson,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Philip Y. Killien, Deputy,* for respondent.

JAMES, J.—Martin Arthur Kraus appeals from a judgment and sentence entered upon a jury verdict finding him guilty of attempted robbery in the first degree and robbery in the first degree.

He raises three issues: (1) whether he was denied a fair trial because of a remark of a State's witness that he possessed a "parolee photograph" of Kraus; (2) whether the trial court erred in failing to instruct the jury that one of the essential elements of the crime of robbery is the "specific intent to deprive or defraud;" and (3) whether the pretrial identification was so impermissibly suggestive and conducive to irreparable mistaken identification that Kraus was denied due process of law.

Kraus was charged with an attempted robbery at a grocery store. In responding to a call from the victim, police officers observed Kraus approximately two blocks from the store. Kraus entered a taxicab, which pulled into the parking lot of the store. He fit the description of the robbery

suspect, except that he was wearing a white jacket, not a dark–colored jacket, as described by the victim. The officer detained Kraus and conducted a pat–down search, which was observed by the victim. The officers subsequently escorted Kraus into the grocery store where he was shown to the victim. At trial, the victim identified him as the person who had attempted to rob her. The trial court denied a motion by Kraus to suppress the eyewitness identification as the product of an impermissibly suggestive showup lineup.

Kraus was also charged with one count of first–degree robbery. The victims of the robbery identified him at a lineup. At trial a State's witness testified:

Q Prior to arrest on the 5th of October did you have a photograph of Mr. Kraus?
A I had a parolee photograph.
    MR. MATSON [Kraus' attorney]: Objection, your Honor.
    THE COURT: Sustained.

Kraus' subsequent motion for a mistrial was denied.

Kraus first contends that he was denied his right to a fair trial because of the statement by the State's witness that he possessed a parolee photograph. Kraus did not testify at the trial, and he contends that the reference to a parolee photograph brought to the jury's attention the fact that he had been convicted of a crime. The State concedes that the remark by the witness should not have been made and should not be condoned. The State argues, however, that the trial court did not abuse its discretion in denying Kraus' motion for a mistrial. We agree.

In *State v. Nettleton*, 65 Wn.2d 878, 880, 400 P.2d 301 (1965), the court stated the test for determining whether an inadvertent remark is reversible error:

Did the inadvertent remark, when viewed against the backdrop of all the evidence, so taint the entire proceedings that the accused did not have a fair trial?

In *State v. Downs*, 11 Wn. App. 572, 575, 523 P.2d 1196 (1974), we stated:

n certain situations the prejudicial effect of evidence of other crimes cannot be removed by an instruction, . . . but such evidence is not *always* so prejudicial as to deny defendant a fair trial. . . . A trial judge is granted wide discretion . . . in determining whether to grant a mistrial.

(Citations omitted.) In *State v. Wright,* 12 Wn. App. 585, 588, 530 P.2d 704 (1975), we also stated that

[t]he record must . . . leave no doubt on the question of prejudice if an appellate court is to find that the trial court abused its discretion . . .

The trial court was in the best position to evaluate the effect of the remark in light of the entire case. The record supports the trial court's ruling that the remark was not so prejudicial as to deny Kraus a fair trial. The record satisfies us that the average jury would not have found the State's case "significantly less persuasive" had the improper remark not been made. *Schneble v. Florida,* 405 U.S. 427, 31 L. Ed. 2d 340, 92 S. Ct. 1056 (1972); *State v. Lewis,* 19 Wn. App. 35, 573 P.2d 1347 (1978). We find no abuse of discretion.

Kraus next contends that the trial court erred in not instructing the jury that robbery requires the specific intent to deprive or defraud. We agree that robbery requires an intent to steal. *See State v. Carter,* 4 Wn. App. 103, 480 P.2d 794 (1971). However, the sole issue at trial concerned identification. Kraus did not contend that a robbery did not take place. Since intent was not at issue at trial, any error in the instructions was not prejudicial. In the absence of prejudice, there is no reversible error. *State v. Carter, supra; State v. Morgan,* 3 Wn. App. 470, 475 P.2d 923 (1970). "The trial court's instructions permitted [Kraus] to thoroughly argue to the jury his theory of the case. No more is required." *State v. McKinney,* 19 Wn. App. 23, 27, 573 P.2d 820 (1978).

Kraus next contends that the showup which occurred shortly after the attempted robbery at the grocery store was violative of due process. We disagree. Although

showups are generally suspect, they are not per se unnecessarily suggestive. *Neil v. Biggers,* 409 U.S. 188, 34 L. Ed. 2d 401, 93 S. Ct. 375 (1972); *Stovall v. Denno,* 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967 (1967). A showup that is held shortly after the crime was committed and in the course of a prompt search for the suspect is permissible. *See Russell v. United States,* 408 F.2d 1280 (D.C. Cir. 1969); *see generally* Annot., 39 A.L.R.3d 791 (1971); *see also State v. Medley,* 11 Wn. App. 491, 524 P.2d 466 (1974).

Here, Kraus was first observed within a few minutes of the attempted robbery and approximately two blocks away. He entered a taxicab which stopped in the grocery store parking lot. Since Kraus was wearing a light jacket while the robbery suspect had been described as wearing a dark jacket, the officers were justified in taking Kraus back to the victim of the robbery for an attempted identification. The police procedure of attempting a prompt identification in the course of a search for the robbery suspect was not impermissibly suggestive.

Affirmed.

FARRIS, C.J., and WILLIAMS, J., concur.