[No. 3530–1–III.   Division Three.   February 19, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. EDWARD CHARLES SPRINGFIELD, *Appellant.*

*Mark E. Wilson* and *George A. Critchlow,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Gregory G. Staeheli, Deputy,* for respondent.

ROE, J.—Edward Charles Springfield appeals from convictions of first degree robbery and second degree assault.

The only issues raised by counsel concern identification testimony by the State. Counsel contends the trial court erred in admitting evidence of an unnecessarily and impermissibly suggestive pretrial showup and in failing to require the State to prove an independent basis for an in–court identification of the defendant made by his victim. We disagree.

With regard to the showup, we note such identifications are not per se unnecessarily suggestive, and one held shortly after the crime is committed and in the course of a prompt search for the suspect is permissible. *See State v.*

448

*Kraus,* 21 Wn. App. 388, 391–92, 584 P.2d 946 (1978). In any event, a claimed violation of due process of law in the conduct of a confrontation depends upon the totality of the circumstances. *Neil v. Biggers,* 409 U.S. 188, 34 L. Ed. 2d 401, 93 S. Ct. 375 (1972); *Stovall v. Denno,* 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967 (1967); *State v. Hilliard,* 89 Wn.2d 430, 438–39, 573 P.2d 22 (1977). As the court noted in *Biggers,* where the victim identified the defendant in a one–to–one showup 7 months after the crime, the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the ·witness at the confrontation, and the length of the time between the crime and confrontation. *See also State v. Hilliard, supra* at 439 (factors to be considered in photo lineup).

As applied here, those factors lead to the conclusion there was no error in admitting evidence of the showup at Springfield's residence. The victim of the robbery and assault was an undercover Spokane police reserve officer who was involved in a face–to–face confrontation with his assailant for a total of about 6 minutes. Previous to the showup at Springfield's home, he had identified him in a photographic lineup, to which no error is assigned. In comparison to the 7–month delay between the crime and showup in *Biggers,* there was at most 17 hours' delay here.

█ With regard to the trial court's alleged error in failing to require the State to show an independent basis for in–court identification of Springfield, we note the record is replete with evidence which would allow the trial court, or any rational trier of fact (*see State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980)), to conclude that the victim had more than an adequate opportunity to identify Springfield as his assailant. The victim was a trained police officer and had a substantial amount of face–to–face contact. According to

Springfield's probation officer, Davis' description of the clothing worn by his assailant matched the description of Springfield's clothing the day of the offense. In addition, since counsel failed to challenge the photographic lineup, there was in effect no need to establish an independent basis for the in–court identification.

In a pro se supplemental brief, Springfield contends he was denied the presumption of innocence because in his opening statement to the jury the prosecutor referred to evidence to be obtained from Springfield's probation officer, thereby indicating Springfield's parole status. This claim of error would never have occurred if the prosecutor had followed the better practice and merely referred to the witness by name only and not that he was the probation officer. In view of Springfield's decision to testify and admit his previous offenses as well as his probation and parole status, we find no error.

In his pro se brief Springfield contends his constitutional right to be free from double jeopardy was violated when he was convicted of both first degree robbery and second degree assault. He urges the act which constitutes one crime also constitutes an element of the other, *i.e.,* the bodily harm which forms the basis of the assault also is an element of the robbery in this case. *State v. Johnson,* 60 Wn.2d 21, 371 P.2d 611 (1962). Even though this issue was not raised at trial, we consider it now, as it is of constitutional magnitude. *State v. Kroll,* 87 Wn.2d 829, 839, 558 P.2d 173 (1976); *State v. Bradley,* 20 Wn. App. 340, 343, 581 P.2d 1053 (1978).

The right to be free from multiple prosecutions for the same crime is found in the United States Constitution, amendment 5, which right is applicable to the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056 (1969). The protection against double jeopardy is also afforded by Const. art. 1, § 9.

Springfield's convictions were based on the following events: On the evening of April 5, 1979, Mark Davis, a volunteer undercover police agent, was a decoy for prostitution. Springfield approached Davis outside a tavern and offered to procure a prostitute if Davis had the money. Davis displayed $45 to Springfield, who grabbed it from him and ran. Davis followed, and in the ensuing fight Springfield took Davis' gun and hit him with it. As a result, Davis was rendered unconscious and his lip cut so badly he required 50 stitches. No violence was used in the taking of the money, but was used in the immediate flight from the taking.[1]

---

[1]Springfield was charged as follows in count 1 of the information:
COUNT I: FIRST DEGREE ROBBERY, committed as follows: That the defendant, EDWARD CHARLES SPRINGFIELD, in Spokane County, Washington, on or about April 5, 1979, did unlawfully take personal property, lawful money of the United States, from the person and in the presence of Mark Thomas Davis, against such person's will, by use or threatened use of immediate force, violence and fear of injury to Mark Thomas Davis, and in the commission of an immediate flight therefrom, the defendant inflicted bodily injury upon Mark Thomas Davis,
This count is based on two statutes:
[RCW] 9A.56.190 Robbery—Definition. A person commits robbery when he unlawfully takes personal property from the person of another or in his presence against his will by the use or threatened use of immediate force, violence, or fear of injury to that person or his property or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; *in either of which cases the degree of force is immaterial.*
(Italics ours.)
[RCW] 9A.56.200 Robbery in the first degree. (1) A person is guilty of robbery in the first degree if in the commission of a robbery *or of immediate flight therefrom,* he:
. . .
(c) Inflicts bodily injury.
(Italics ours.) In addition, Springfield was charged in count 2:
COUNT II: And the Prosecuting Attorney, as aforesaid, and as an act connected together with the act alleged in Count I, further charges the defendant, EDWARD CHARLES SPRINGFIELD, with the crime of SECOND DEGREE ASSAULT, committed as follows: That the defendant, EDWARD CHARLES SPRINGFIELD, in Spokane County, Washington, on or about April 5, 1979, did knowingly inflict grievous bodily harm upon Mark Thomas Davis, a human being,

Washington has adopted the same evidence test in determining whether a person has been subject to double jeopardy. *State v. Roybal,* 82 Wn.2d 577, 512 P.2d 718 (1973); *State v. Reiff,* 14 Wash. 664, 667, 45 P. 318 (1896). This test requires a finding of double jeopardy when there are elements requisite to one offense which are necessary to the other, and proof of the act charged in either count of the information is sufficient to sustain a conviction under the other.

In *State v. Bresolin,* 13 Wn. App. 386, 534 P.2d 1394 (1975), the defendant entered the home of another, assaulted him and took money and weapons from the victim and his father. The defendant was charged and convicted of robbery and second degree assault. In finding this to be double jeopardy, the court noted that one of the elements of robbery is the use of unlawful force, and that the acts used to support the robbery conviction were the same as those alleged in the assault charge. The force required for the assaults was not separate from that required for the robbery. Where there is no cessation of the infliction of injury, there are not separate acts of violence which would support conviction of both robbery and assault. *State v. Bresolin, supra* at 394. *Cf. State v. Smith,* 9 Wn. App. 279, 511 P.2d 1032 (1973) (when acts of force are different acts, conviction of both crimes is not double jeopardy).

In *State v. Cunningham,* 23 Wn. App. 826, 598 P.2d 756 (1979), *rev'd and remanded on other grounds,* 93 Wn.2d 823, 613 P.2d 1139 (1980), the defendants were convicted of manslaughter and assault. This court reversed because of errors in the trial proceeding resulting in the convictions and also because the assault conviction constituted double

---

This count is based on RCW 9A.36.020(1)(b):

> Assault in the second degree. (1) Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he:
>
> . . .
>
> (b) Shall knowingly inflict grievous bodily harm upon another with or without a weapon: . . .

jeopardy. We held: "It is unassailable that the State was required to prove, as a preliminary matter, that defendants beat David (assault) in order to prove that they beat him to death (manslaughter)." *State v. Cunningham, supra* at 860. On appeal, the Supreme Court agreed there were errors in the admission of evidence, but held those errors harmless. No appeal was taken from this court's decision concerning double jeopardy.

In *State v. Johnson,* 92 Wn.2d 671, 600 P.2d 1249 (1979), the defendant was convicted of first degree rape, first degree kidnapping and first degree assault, all based on the same acts. The Supreme Court vacated the assault and kidnapping convictions, considering the elements necessary to prove the first degree rape "included" either kidnapping or assault, because it is necessary to prove either in order to prove first degree rape. The court held:

> [A]s to any such offense which is proven, an additional conviction cannot be allowed to stand unless it involves some injury *to* the person or property of the victim or others, which is separate and distinct from and not merely incidental to the crime of which it forms an element.

*State v. Johnson, supra* at 680.

Here, Springfield was charged with first degree robbery, in that he took money from Davis and "inflicted bodily injury" upon him, and second degree assault, in that he "knowingly inflict[ed] grievous bodily harm" on Davis. In order to prove the elements of the robbery, *i.e.,* that Springfield inflicted bodily injury upon Davis in the immediate flight from the taking, it was necessary to prove the force which incidentally resulted in grievous bodily harm. Where the acts of the defendant are not separate acts, they cannot support conviction on two charges. *Johnson, supra; Bresolin, supra.*

The prosecution argues the force necessary to establish the robbery is different from that necessary to prove the assault, *i.e.,* simple assault compared with grievous bodily harm. However, it offers no support for this argument and,

in fact, misses the point. The robbery here required a taking and the infliction of bodily injury, either in the taking or in the flight; the assault required the infliction of grievous bodily harm. Once the robbery was proved, there was no additional element necessary to prove the assault. *See State v. Allen,* 94 Wn.2d 860, 621 P.2d 143 (1980). Thus, the assault merged with the robbery. *In re Butler,* 24 Wn. App. 175, 599 P.2d 1311 (1979). Springfield's one punch, or several at the same time, can support a conviction for either the robbery or the assault, but not both.

■ Where there have been convictions on two charges, and only one may stand, the conviction of the lesser offense must be set aside, as it is included in the conviction of the greater. *State v. Waldenburg,* 9 Wn. App. 529, 533, 513 P.2d 577 (1973). Thus, we affirm the conviction of first degree robbery, but vacate the conviction of second degree assault.

MCINTURFF, C.J., and MUNSON, J., concur.

Reconsideration denied March 14, 1981.

Review denied by Supreme Court May 8, 1981.