[No. 14392-1-I.   Division One.   May 6, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. GREGORY L. MAHONEY, *Appellant.*

*Terrence Kellogg,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *James W. Leslie, Deputy,* for respondent.

SCHOLFIELD, J.—Gregory Mahoney appeals his convictions in juvenile court for first degree robbery and second degree assault, alleging that convictions for the robbery and assault violated the double jeopardy clauses of the Washington and United States Constitutions because the force element of the assault was the same force alleged as an element of first degree robbery. We reduce the first degree robbery conviction to second degree robbery and affirm the assault conviction.

There is substantial evidence to support the following facts. On the afternoon of October 31, 1983, Jean Dooley discovered two boys sniffing paint thinner in her garage. Both boys, appellant Mahoney (age 15) and Tim Bailey (age 18), resided at the Dooleys' home as foster children. In the evening of the same day, Mrs. Dooley, age 67, responded to noises coming from the garage attached to her house. When she opened the garage door, Mahoney grabbed her and covered her face with a towel saturated with paint thinner. Mahoney also beat her on the head with an object, later identified as a metal pipe or rod.

Mrs. Dooley was apparently pushed into the car in the garage and then released when she asked the boys to allow her to go to the bathroom to wash up. Mahoney followed her into the bathroom and demanded her wallet. There was no evidence that the metal pipe was carried into the house. When Mahoney discovered the wallet contained only a small amount of money, he returned it to Mrs. Dooley intact and demanded her husband's wallet. Mahoney said to Mr. Dooley, "I want your wallet." Mrs. Dooley pleaded with her husband to give Mahoney the wallet and he did so. Mr. Dooley, a victim of Alzheimer's disease, suffers memory loss and did not testify. The police then arrived and the boys fled out the back door. Mrs. Dooley was taken to the hospital, suffering a broken finger and injuries to her scalp, nose and toe.

Mahoney was tried and convicted of the crimes of second degree assault against Mrs. Dooley and first degree robbery against Mr. Dooley.

Mahoney contends that by convicting him of both crimes, the State is attempting to punish him twice for the single assault committed in the garage. Mahoney argues that either the assault against Mrs. Dooley elevated the robbery of Mr. Dooley to robbery in the first degree and the assault merged into that robbery, or there were two distinct crimes, one of which was assault in the second degree and the other either robbery in the second degree or theft in the first degree. Mahoney further argues that the assault in the garage should not be merged into the robbery conviction because at the time of the assault on Mrs. Dooley, no demand was made for her wallet or her husband's wallet.

The fifth amendment to the United States Constitution and article 1, section 9 of the Washington Constitution prohibit twice placing a defendant in jeopardy for the same offense. The same offense is involved when the evidence required to convict under either charge is sufficient to convict under the other. *State v. Roybal,* 82 Wn.2d 577, 581, 512 P.2d 718 (1973); *State v. Springfield,* 28 Wn. App. 446, 451, 624 P.2d 208 (1981). Thus, the charges of first degree robbery and second degree assault involve the same offense where acts of force necessary to commit robbery are the same acts of force alleged in the charge of second degree assault. *In re Butler,* 24 Wn. App. 175, 176, 599 P.2d 1311 (1979); *State v. Bresolin,* 13 Wn. App. 386, 534 P.2d 1394 (1975).

The State contends there is substantial evidence to support both robbery in the first degree and assault in the second degree and that there is no merger because there were two separate crimes and two victims.

The State's argument overlooks the elements of first degree robbery. RCW 9A.56.200 provides in part:

(1) A person is guilty of robbery in the first degree if in the commission of a robbery or of immediate flight therefrom, he:

(a) Is armed with a deadly weapon; or
(b) Displays what appears to be a firearm or other deadly weapon; or
(c) Inflicts bodily injury.

In order to prove Mahoney guilty of robbery in the first degree, the State must prove infliction of bodily injury in commission of the robbery or in immediate flight therefrom. The infliction of bodily injury upon Mrs. Dooley would merge with the offense of first degree robbery if the bodily injury was done during commission of the robbery; the rule against double jeopardy would prohibit finding Mahoney guilty of both robbery in the first degree and assault in the second degree.[1]

Because there is no evidence of a weapon being used or even present at the time the wallet was taken from Mr. Dooley, the State must rely upon the bodily injury inflicted upon Mrs. Dooley in the garage in order to sustain a conviction for robbery in the first degree. This injury was inflicted outside of Mr. Dooley's presence. At the time of the assault, there was no attempt at robbery. The money was taken from Mr. Dooley inside the house, but no injury was inflicted at that time and no weapon was present. We believe it is significant that infliction of injury had ceased before the robbery attempt was made. *See State v. Springfield, supra* at 451; *State v. Bresolin, supra* at 394. Because the acts constituting the assault were separate and distinct from the acts alleged in the first degree robbery count, there is no merger and no risk of double jeopardy.

The State argues that at the time the money was taken from Mr. Dooley, fear of the use of immediate force or of injury was present due to the bodily injury previously

---

[1]RCW 9A.36.020 provides in part:

"(1) Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he:

"(a) . . .

"(b) Shall knowingly inflict grievous bodily harm upon another with or without a weapon; or

"(c) Shall knowingly assault another with a weapon or other instrument or thing likely to produce bodily harm . . ."

inflicted upon Mrs. Dooley. While this may well be true, it is not sufficient to elevate robbery in the second degree to robbery in the first degree. While fear of injury is included in the statutory definition of robbery,[2] the statutory definition of robbery in the first degree requires infliction of bodily injury during the commission of the robbery if there is no deadly weapon involved.

We conclude that Mahoney is guilty of robbery in the second degree and assault in the second degree and that his conviction of robbery in the first degree must be reversed. We remand to the trial court for entry of the conviction of robbery in the second degree and for resentencing.

CORBETT, C.J., and WEBSTER, J., concur.

---

[2]RCW 9A.56.190 defines robbery:

"A person commits robbery when he unlawfully takes personal property from the person of another or in his presence against his will by the use or threatened use of immediate force, violence, or fear of injury to that person or his property or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear."