[No. 14317-1-III. Division Three. March 11, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. RENE RIVERA, *Appellant*.

*James E. Egan*, for appellant.

*Steven M. Lowe, Prosecuting Attorney*, for respondent.

SWEENEY, C.J. — Rene Rivera fired 14 shots into a Pasco service station. The shooting was gang related. A jury convicted him of three counts of assault in the first degree and seven counts of reckless endangerment in the first degree. The primary question presented here is whether the guaranty against double jeopardy or the merger doctrine prohibits the convictions for the multiple crimes. We conclude they do not and affirm. Mr. Rivera raises other issues, which we address in the unpublished portion of this opinion.

## Multiple Convictions for Assault and Reckless Endangerment.

■ *Double Jeopardy*. Within constitutional limits, our Legislature may "define criminal conduct and assign punishment for such conduct." *State v. Calle*, 125 Wn.2d 769, 776, 888 P.2d 155 (1995). One of those constitutional constraints — the Fifth Amendment — protects against double jeopardy including multiple punishments for the same offense. *Id.* at 772. Whether double jeopardy rights are violated depends on the punishment authorized by the

Legislature. *State v. Frohs*, 83 Wn. App. 803, 810, 924 P.2d 384 (1996). If the Legislature has not authorized cumulative punishments, they are prohibited by the Fifth Amendment guaranty against double jeopardy. *Id.* at 810.

As we read *Calle*, we must answer three questions to determine if Mr. Rivera's Fifth Amendment guaranty against double jeopardy was violated. First, does either the first degree assault or reckless endangerment statute authorize multiple convictions for the same act? RCW 9A.36.011(1); RCW 9A.36.045(1). Next, would proof of either first degree assault or reckless endangerment prove the other offense (same evidence test)? *Calle*, 125 Wn.2d at 777. And finally, if the crimes do not satisfy the same evidence test, did the Legislature nonetheless intend to inflict only a single punishment? *Id.* at 780.

Neither the first degree assault statute nor the reckless endangerment statute expressly authorizes multiple convictions for offenses arising out of a single act. *See id.* at 776; *compare* RCW 9A.52.050 (providing that residential burglary does not merge with predicate crimes). We must therefore determine whether the offenses here satisfy the same evidence test. *Calle*, 125 Wn.2d at 777.

A defendant's double jeopardy rights are violated under the same evidence test if the offenses are both factually and legally identical. *Id.* at 777. We first look at whether first degree assault and reckless endangerment require proof of a fact that the other does not. *Id.* at 777-78 (citing *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932)). If one offense has an element not present in the other, and proof of one would not necessarily also prove the other, the offenses are not constitutionally the same and a defendant may be convicted of both. *Calle*, 125 Wn.2d at 777 (citing *State v. Vladovic*, 99 Wn.2d 413, 423, 662 P.2d 853 (1983)). The same evidence test is a "significant indicator" that the Legislature intended multiple punishments. *Frohs*, 83 Wn. App. at 808.

An assault in the first degree requires proof of assault

of another with a firearm or any deadly weapon, by force or means likely to produce great bodily harm or death. RCW 9A.36.011(1). The mens rea of first degree assault is the "intent to inflict great bodily harm." *State v. Wilson*, 125 Wn.2d 212, 218, 883 P.2d 320 (1994). Intent requires one act "with the objective or purpose to accomplish a result which constitutes a crime." RCW 9A.08.010(1)(a).

First degree reckless endangerment, on the other hand, requires (1) reckless discharge of a firearm, (2) a substantial risk of death or serious physical injury to another person, and (3) shooting from a motor vehicle, or from the immediate area of a motor vehicle, used to transport the shooter or the firearm to the scene of the shooting. RCW 9A.36.045(1). One acts with recklessness if he or she "knows of and disregards a substantial risk that a wrongful act may occur and [the] disregard of such substantial risk is a gross deviation from conduct that a reasonable man would exercise in the same situation." RCW 9A.08.010(1)(c). Reckless conduct may be inferred from the unlawful discharge of a firearm from a moving motor vehicle "unless the discharge is shown by evidence satisfactory to the trier of fact to have been made without such recklessness." RCW 9A.36.045(2).

Proof of reckless endangerment does not prove assault in the first degree. Reckless endangerment requires a disregard of a substantial risk. Assault in the first degree requires an intent to inflict great bodily harm. Reckless endangerment requires the discharge of the firearm from, or in the area of, a motor vehicle. Assault does not. The elements of the two offenses are different. *State v. Johnson*, 92 Wn.2d 671, 600 P.2d 1249 (1979). The same evidence test is not satisfied.

We must next determine whether the Legislature nonetheless intended to punish both crimes by a single punishment. We conclude it did not. *Calle*, 125 Wn.2d at 780. The enactment of the reckless endangerment ("drive-by-shooting") statute in 1989 was a response to the "drug-related crimes of violence by members of youth gangs

engaged in illegal drug sales . . . ." 1989 FINAL LEGISLA-
TIVE REPORT, 2 SHB 1793, at 118. The Legislature found
that random shootings from automobiles was particularly
disturbing: "[I]ncreased trafficking in illegal drugs has
increased the likelihood of 'drive-by shootings.' It is the
intent of the legislature . . . to categorize such reckless
and criminal activity into a separate crime and to provide
for an appropriate punishment." LAWS OF 1989, ch. 271,
§ 108, p. 1278.

Assault, however, has been a crime in this state for over
140 years. As we have noted, it prohibits a different type
of conduct. And it has a different purpose — deterring as-
saults. RCW 9A.36.011(1), 1854 WASH. TERR. LAWS 1st
Sess. § 24; *see Calle*, 125 Wn.2d at 780-82. The Legislature
did not therefore intend to abolish an offender's responsi-
bility for assault by prohibiting reckless endangerment.
*See State v. Strauss*, 119 Wn.2d 401, 418, 832 P.2d 78 (1992)
(court will not assume Legislature attempted to effect sig-
nificant change in the law by mere implication). Double
jeopardy does not bar Mr. Rivera's convictions for first
degree assault and first degree reckless endangerment.

■ *Merger.* Nor are we persuaded by Mr. Rivera's un-
supported assertion that the convictions for reckless
endangerment and assault should merge. The merger doc-
trine is a judicially created device " 'designed to prevent
an unnatural elevation of the "true" crime charged.' "
*State v. Eaton*, 82 Wn. App. 723, 729, 919 P.2d 116 (1996)
(quoting *State v. Slemmer*, 48 Wn. App. 48, 56, 738 P.2d
281 (1987)). It is used to determine whether the Legislature
intended that multiple punishments be imposed for a
single act that violates several statutory provisions.
*Johnson*, 92 Wn.2d at 678-79. Although recently chal-
lenged, the merger doctrine is "alive, well and unaltered."
*Frohs*, 83 Wn. App. at 810 (citing *Calle*, 125 Wn.2d 769).

The merger doctrine applies only when the Legislature
has clearly indicated that to prove a particular degree of a
crime, "the State must prove not only that a defendant

committed that crime . . . but that the crime was accompanied by an act which is defined as a crime elsewhere in the criminal statutes . . . ." *Vladovic*, 99 Wn.2d 421. It is relevant only when a crime is "elevated to a higher degree by proof of another crime proscribed elsewhere in the criminal code." *Eaton*, 82 Wn. App. 730.

■ Here, Mr. Rivera's argument is that proof of reckless endangerment elevated second degree assault to first degree assault.[1] It does not. Assault in the first degree does not require proof of reckless endangerment. RCW 9A.36.011(1); RCW 9A.36.045(1). The offenses do not merge.

Mr. Rivera also argues that reckless endangerment is a lesser included offense of first degree assault. We rejected that same argument in *State v. Ferreira*, 69 Wn. App. 465, 470, 850 P.2d 541 (1993).

■ Accordingly, Mr. Rivera's convictions for first degree reckless endangerment and first degree assault do not violate the Fifth Amendment guaranty against double jeopardy. Nor do the two crimes merge. The convictions are affirmed.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

---

[1]Assault in the second degree is committed when a person "under circumstances not amounting to assault in the first degree:

"(a) Intentionally assaults another and thereby recklessly inflicts substantial bodily harm; or

"(b) Intentionally and unlawfully causes substantial bodily harm to an unborn quick child . . .; or

"(c) Assaults another with a deadly weapon; or

"(d) With intent to inflict bodily harm, administers to or causes to be taken by another, poison, the human immunodeficiency virus . . .; or

"(e) With intent to inflict bodily harm, exposes or transmits human immunodeficiency virus . . .; or

"(f) With intent to commit a felony, assaults another; or

"(g) Knowingly inflicts bodily harm which by design causes such pain or agony as to be the equivalent of that produced by torture."

RCW 9A.36.021(1).

SCHULTHEIS, J., and MUNSON, J. Pro Tem., concur.

Review denied at 133 Wn.2d 1002 (1997).