[No. 21431-1-III. Division Three. November 13, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM LARS ZUMWALT, *Appellant*.

*Sharon M. Brown*, for appellant.

*Andrew K. Miller, Prosecuting Attorney*, and *Terry J. Bloor, Deputy*, for respondent.

SWEENEY, J. — Under the statutory doctrine of merger, two offenses constitute a single crime where, in order to establish the elements of one offense, the State must prove that a second crime was committed. Here, the State had to prove the second degree assault to establish robbery in the first degree. The assault, therefore, merged into the robbery. Accordingly, we reverse the assault conviction.

## FACTS

William Lars Zumwalt joined some friends, including Elwood Davis, Jeremy Vannauker, and Johnnie Allen, at the Fiesta Bowl Casino in Richland, Washington. Denise Schaffer was also there.

Ms. Schaffer gave Mr. Vannauker $60 to buy drugs and agreed to give him another $60 upon delivery. Mr. Zumwalt and the others left the casino to complete the deal with Ms. Schaffer. Ms. Schaffer, Mr. Zumwalt, and Mr. Davis left the casino within seconds of each other and met up outside. Mr. Allen, Mr. Vannauker, and a female member of Mr. Zumwalt's party also left at about the same time.

Outside, Ms. Schaffer stood with Mr. Davis and Mr. Zumwalt. She turned and one or both of them struck her. She was seriously injured—a fractured eye socket and bruising of her eyes that lasted for two weeks. Her vision remains impaired. About $300 in cash and casino chips was taken from the front pocket of her coveralls.

Ms. Schaffer could not positively identify either who assaulted her or who took her money. Mr. Zumwalt admitted to the police that he assaulted Ms. Schaffer. He also told the officer that he knew Ms. Schaffer had been robbed. But he denied robbing her. He said he became concerned that Ms. Schaffer might be a Tri City Drug Task Force informant and decided not to complete the drug deal. He said he

assaulted her solely to get away from her. The court found his story incredible.

The court found beyond a reasonable doubt that:

- Mr. Zumwalt "intentionally assaulted Ms. Schaffer and recklessly inflicted substantial bodily harm." Clerk's Papers at 17.
- Mr. Zumwalt participated as an accomplice in the robbery of property from Ms. Schaffer and in the course of that robbery, or in immediate flight therefrom, Ms. Schaffer was assaulted.

The court then concluded that Mr. Zumwalt was guilty of robbery in the first degree and was also guilty of assault in the second degree based on these findings. And it imposed standard range sentences for the robbery and the assault, to be served concurrently. At sentencing, the judge said the robbery and the assault were "clearly part of the same criminal conduct. They were all part of one criminal venture with one victim on one occasion." Report of Proceedings (Aug. 30, 2002) at 71.

## DISCUSSION

Mr. Zumwalt contends that his conviction for both robbery and second degree assault, a necessary predicate for robbery, violates the constitutional prohibition against double jeopardy or at least the doctrine of merger.

STANDARD OF REVIEW

Unchallenged findings of fact are verities on appeal. *State v. Rodgers*, 146 Wn.2d 55, 61, 43 P.3d 1 (2002). We review questions of law such as merger and double jeopardy de novo. *State v. Knutson*, 88 Wn. App. 677, 680, 946 P.2d 789 (1997). A double jeopardy claim can be raised for the first time on appeal. RAP 2.5(a)(3); *Winchester v. Stein*, 86 Wn. App. 458, 463, 937 P.2d 618 (1997), *aff'd in part and rev'd in part on other grounds*, 135 Wn.2d 835, 959 P.2d 1077 (1998).

DOUBLE JEOPARDY

 No person may be "twice put in jeopardy of life or limb" for the same offense. *In re Pers. Restraint of Fletcher*, 113 Wn.2d 42, 46, 776 P.2d 114 (1989). This is a constitutional guaranty applied to the states by the Fourteenth Amendment. *Id.*; *State v. Springfield*, 28 Wn. App. 446, 449, 624 P.2d 208 (1981). The Washington Constitution affords identical protection against double jeopardy. CONST. art. I, § 9; *State v. Gocken*, 127 Wn.2d 95, 107, 896 P.2d 1267 (1995).

 In order to be "the same offense" for constitutional double jeopardy analysis, the offenses must be the same in law and in fact. *Fletcher*, 113 Wn.2d at 47, 49. Washington employs the "same evidence" test to determine this. *State v. Roybal*, 82 Wn.2d 577, 512 P.2d 718 (1973); *State v. Calle*, 125 Wn.2d 769, 777, 888 P.2d 155 (1995). The offenses are the same in law if every element essential to prove one offense is also essential to the other. They are the same in fact if proof of the act charged in either count is sufficient to sustain a conviction under the other. *Springfield*, 28 Wn. App. at 451. But if an element in one offense which is not included in the other, and the facts establishing one offense would not necessarily also prove the other, then the offenses are not constitutionally the same. And the double jeopardy bar does not apply. *Fletcher*, 113 Wn.2d at 47.

*Roybal* illustrates Washington's approach to double jeopardy analysis. The fact that a single unlawful act may be punished twice is not necessarily a constitutional violation, if such was the legislative intent. *Roybal*, 82 Wn.2d 577. The *Roybal* defendant was convicted twice for a single instance of carrying a gun. Once he was convicted for carrying a concealed weapon in violation of the municipal code, and again for being a felon in possession of a firearm in violation of state law. There was no double jeopardy, because each offense contains an element not essential to the other: it is possible, for example, for a nonfelon to carry a concealed weapon or a felon to carry an unconcealed weapon.

Here, the State correctly distinguishes the essential elements of assault and robbery as a matter of law and fact. That does not end the inquiry, however. Whether two crimes constitute the same offense for double jeopardy purposes depends on the legislative intent.

MERGER

██ Within constitutional limits, legislatures have the exclusive power to define crimes and punishments. *State v. Rivera*, 85 Wn. App. 296, 298, 932 P.2d 701 (1997); *Calle*, 125 Wn.2d at 776. The term "merger" is a doctrine of statutory interpretation. We apply the doctrine to determine whether the legislature intended to impose multiple punishments for a single act that violates several statutory provisions. *State v. Vladovic*, 99 Wn.2d 413, 419 n.2, 662 P.2d 853 (1983).

Our sole inquiry is, then, whether the legislature intended to define and punish certain conduct once as a single crime of a higher degree, or twice as two distinct crimes. *Rivera*, 85 Wn. App. at 298-99; *Calle*, 125 Wn.2d at 776. If, in order to prove a particular degree of a crime, the State must prove the elements of that crime and also that the defendant committed an act that is defined as a separate crime elsewhere in the criminal statutes, the second crime merges with the first. *Vladovic*, 99 Wn.2d at 420-21; *State v. Parmelee*, 108 Wn. App. 702, 711, 32 P.3d 1029 (2001) (felony stalking), *review denied*, 146 Wn.2d 1009 (2002).

██ That is what we have here. The crime of robbery is the taking of personal property from the person of another or in her presence and against her will with either the use or threatened use of force or violence. RCW 9A.56.190. To prove first degree robbery, the State must prove the elements of robbery, plus bodily injury constituting assault. RCW 9A.56.200(1)(a)(iii). Second degree assault is defined elsewhere as the reckless or intentional infliction of substantial bodily harm, a separate crime. RCW 9A.36.021-(1)(a). Thus, the State could not have convicted Mr. Zumwalt for first degree robbery without proving the as-

sault. And the only facts that elevated simple robbery to first degree robbery are the same facts underlying the separate assault charge.

Second degree assault is not identical in law to first degree robbery. It is possible to commit first degree robbery without committing second degree assault, and vice versa. Therefore, if separate acts of force are established, double jeopardy does not preclude two convictions. *State v. Smith*, 9 Wn. App. 279, 282-83, 511 P.2d 1032 (1973) (acts of force necessary to commit bank robbery different from acts of force committed against bank employees). But, if the unlawful force used in the robbery is the same conduct as that comprising the alleged assault, and if the force required for the assault had no separate purpose or effect, the charges merge and double jeopardy precludes separate convictions. *In re Pers. Restraint of Butler*, 24 Wn. App. 175, 176-77, 599 P.2d 1311 (1979); *Springfield*, 28 Wn. App. at 451; *State v. Bresolin*, 13 Wn. App. 386, 394, 534 P.2d 1394 (1975).

Only if there is proof of a second assault will both convictions stand. *Springfield*, 28 Wn. App. at 453; *Whalen v. United States*, 445 U.S. 684, 100 S. Ct. 1432, 63 L. Ed. 2d 715 (1980) (first degree murder required proof of rape). Here, the court found evidence of but a single assault—an assault that elevated simple robbery to robbery in the first degree. No additional evidence of assault or injury supports a separate conviction for assault.

■ And the double jeopardy problem cannot be avoided by imposing concurrent sentences for the two crimes and characterizing them as the "same criminal conduct." *See* former RCW 9.94A.400(1)(a) (2001) (*recodified as* 9.94A.589-(1)(a)). Double jeopardy is implicated regardless of whether sentences are imposed to run concurrently. *In re Pers. Restraint of Davis*, 142 Wn.2d 165, 171, 12 P.3d 603 (2000); *see State v. Adel*, 136 Wn.2d 629, 632, 965 P.2d 1072 (1998). The punitive aspects of multiple convictions—stigma and impeachment value—go beyond the loss of freedom. *Calle*,

125 Wn.2d at 773 (quoting *Ball v. United States*, 470 U.S. 856, 864-65, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985)). ■ The conviction on the lesser charge must be set aside when the evidence supports only a single charge. *Springfield*, 28 Wn. App. at 453 (citing *State v. Waldenburg*, 9 Wn. App. 529, 533, 513 P.2d 577 (1973)). We then reverse the assault conviction which merges with the robbery conviction. We affirm the robbery conviction and remand for resentencing.

KATO, A.C.J., and KURTZ, J., concur.

Review granted at 151 Wn.2d 1031 (2004).