[No. 2139.   Decided June 12, 1896.]

THE STATE OF WASHINGTON, *Respondent*, v. R. G. REIFF, *Appellant*.

CRIMINAL LAW — FORMER ACQUITTAL — FALSE PRETENSES — WHAT CONSTITUTES — WHAT SUBJECT TO LARCENY BY FALSE PRETENSE.

The fact that a defendant has been discharged before verdict upon a prosecution for larceny of certain property by fraudulently and falsely personating another is not a bar to a subsequent prosecution for obtaining the property under false pretenses, when the first discharge resulted from a variance between the information and the proof.

The constitutional prohibition against placing a person twice in jeopardy for the same offense is not violated by a second prosecution of one for a separate and distinct offense based upon a different statute, the penalty prescribed for the violation of which is different from that imposed by the statute under which the first information was laid, although the acts upon which the two prosecutions are based may have been the same.

A lady's beaver shoulder cape is the subject of larceny by false pretense, under Penal Code, § 234, classifying as such subjects "any money, transfer, note, bond, or receipt, or thing of value."

The statute punishing the obtaining of property " by color of any false token or writing, or any false pretense " does not restrict the false pretense to one in the nature of a "token or writing."

Appeal from Superior Court, King County.— Hon. T. J. HUMES, Judge. Affirmed.

*John B. Wright* and *William Parmerlee*, for appellant.

*A. W. Hastie*, Prosecuting Attorney, and *W. W. Wilshire*, for The State.

The opinion of the court was delivered by

GORDON, J.— On September 3, 1895, an information was filed in the superior court of King county, charging the appellant under § 53, Penal Code, with the crime of larceny of "a lady's beaver shoulder cape" of the value of $50, by fraudulently and falsely impersonating another. Upon his plea of "not guilty" the cause proceeded to trial, and the prosecution having introduced its evidence and rested, the appellant's counsel moved the court that the prosecution be dismissed for insufficiency of the state's evidence. This motion was sustained by the court and the jury excused, and thereupon the court made an order directing that appellant be held to answer to the charge of obtaining property under false pretenses, and directing that an information should be filed accordingly. Thereafter an information was filed in said court charging appellant under § 234, Penal Code, with the crime of obtaining said property under false pretenses. Being arraigned upon said last mentiond information appellant entered his plea of "not guilty" coupled with a plea of former acquittal, and proceeded to trial.

The evidence for the state having been submitted, the defendant in support of his plea offered in evidence the record of the former proceeding on the

information charging him with larceny by false personation. The court having sustained the objection of the state to the introduction of this evidence, and the jury having returned a verdict of guilty, appellant's motion for a new trial was denied, and the court proceeded to pronounce judgment and sentence, from which the cause has been appealed to this court.

It appears that the motion of appellant's counsel and the decision of the court in discharging appellant upon the charge of " false personation " was based upon the fact in evidence that the property in question was not held by the prosecuting witness for the purpose or with the intention of being delivered by him to ,the person so falsely personated, and it was insisted by appellant's counsel that therein the evidence was insufficient to warrant the case going to a jury upon the charge then pending against appellant. It is not claimed in this court that a conviction of the appellant upon that charge could have been sustained, nor is it contended that the court committed any error in withdrawing that case from the jury, and, independent of these considerations, we think that the ruling of the court in that regard was right. *Williams v. State*, 49 Ind. 369.

It is insisted, however, that the *transaction* set out in the information upon which the appellant has been convicted is the same as that set out in the information charging him with false personation, and that it is therefore the same offense within the meaning of art. 1, § 9, which provides that " No person shall be . . . twice put in jeopardy for the same offense." We think this contention cannot be sustained. Sec. 1315, Code Proc., is as follows:

" When it appears, at any time before verdict or judgment, that a mistake has been made in charging

the proper offense, the defendant shall not be discharged if there appear to be good cause to detain him in custody; but the court must recognize him to answer the offense shown, and, if necessary, recognize the witnesses to appear and testify."

As already observed, the evidence upon the trial of the first information was not appropriate to the charge of false personation, and the variance having become apparent to the court prior to verdict therein, the statute fully authorized the order which was then made directing a new information to be filed. It is not contended here that this statute, § 1315, *supra,* is in conflict with the constitution, and we think that it covers the case. There is a distinction between twice placing a person in jeopardy " for the same offense," and a second prosecution of one for a separate and distinct offense based upon a different statute, the penalty prescribed for the violation of which is different from that imposed by the statute under which the first information was laid.

A mere reference to §§ 53 and 234, *supra,* is sufficient to show the difference between the character of the offenses there defined. There are elements requisite to each which are not necessary to the other, and proof of the offense charged in either of the informations would not be sufficient to sustain a conviction under the other. To sustain the plea, the offenses must be identical both in fact and in law.

"A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other." . . .

" The test is not whether the defendant has already been tried for the same act, but whether he has been

put in jeopardy for the same *offence.*"   *Morey v. Commonwealth*, 108 Mass. 434.

*Arrington v. Commonwealth*, 10 L. R. A. 246 (12 S. E. 224); *State v. Stewart*, 11 Ore. 52 (4 Pac. 128); *People v. Bentley*, 77 Cal. 7 (18 Pac. 799, 11 Am. St. Rep. 225); *Territory v. Stocker*, 9 Mont. 6 (22 Pac. 496); 2 Cooley's Blackstone, p. *336.

We do not think that anything that is decisive in the case of *Hirshfield v. State*, 11 Tex. App. 207 (principally relied upon by appellant) is in conflict with the conclusion which we have reached upon this question. It was there held that the indictment under which the defendant was convicted of swindling "charged all the constituents of knowingly uttering a forged instrument" and that "a conviction, therefore, for swindling which rests upon and is supported alone by the act of passing as true the instrument set forth in the indictment is a full and complete satisfaction of the law which forbids and upon conviction prescribes a punishment for said act."

Some of the cases cited in the brief of appellant's counsel relate mainly to offenses comprising different degrees where the conviction or acquittal of the major offense concludes the state as to all the lesser degrees or minor offenses necessarily included within the higher crime. Still other cases cited, declare the kindred principle, viz., that if on a trial of the major offense there can be a conviction of the minor, then a former conviction or acquittal of the minor will bar the major. As already noticed the former acquittal here relied upon, resulted from a variance between the information and the proof, and such acquittal cannot operate to shield the appellant from the consequences of his act when proceeded against upon an appropriate accusation.

It is next contended that " a lady's beaver shoulder cape " or like property is not the subject of false pretenses under § 234, *supra*.    That section is as follows:

" If any person, with intent to defraud another, shall designedly, by color of any false token or writing, or any false pretense, obtain from any person any money, transfer, note, bond, or receipt, or thing of value, such person shall, upon conviction, etc."

We think this contention is fully answered in *State v. White,* 12 Wash. 417 (41 Pac. 182).    Nor can we uphold the remaining objection of appellant's counsel, which is that the words " or any false pretense " must be in the nature of a " token or writing " and " not a mere naked lie."    The principle expressed in the maxim *ejusdem generis* is not applicable.

No error appearing of record, the judgment will be affirmed.

ANDERS and DUNBAR, JJ., concur.

HOYT, C. J., concurs in the result.