[No. 45228-2-I.   Division One.   August 20, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. DANIEL VALENTINE, *Appellant*.

*Oliver R. Davis* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Andrea R. Vitalich,* for respondent.

BECKER, A.C.J. — It is a double jeopardy violation to punish a stabbing separately as an assault when it is also the substantial step used to prove attempted murder. We therefore strike the appellant's assault conviction. The exceptional sentence for attempted murder will remain undisturbed in view of ample evidence of deliberate cruelty.

On New Year's eve in 1998, Daniel Valentine and his girl friend became very intoxicated. Sometime after midnight they went to Valentine's apartment and got into an argument. Valentine attacked her with a knife and almost killed her. Eventually she persuaded Valentine to call 911. He left the apartment before the ambulance arrived.

A jury found him guilty of first degree assault and second degree attempted murder. The court imposed an exceptional sentence of 240 months (20 years) on both counts, to be served concurrently.

## DOUBLE JEOPARDY

■ The constitutional guarantee against double jeopardy protects against multiple punishments for the same offense. *State v. Calle*, 125 Wn.2d 769, 772, 888 P.2d 155 (1995); *Whalen v. United States*, 445 U.S. 684, 688, 100 S. Ct. 1432, 63 L. Ed. 2d 715 (1980). Valentine contends it is a violation of double jeopardy to punish the stabbing as an assault when it was also the foundation for his conviction of attempted murder.

■■ The question is one of legislative intent. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977). Because the pertinent statutes do not expressly answer the question, we turn to tools of statutory construction. The primary rule is the "same evidence" test. *Calle*, 125 Wn.2d at 777. If each offense, as charged, includes an element not included in the other, and proof of one offense would not necessarily also prove the other, the offenses are not constitutionally the same and the double jeopardy clause does not prevent convictions for both offenses. *Calle*, 125 Wn.2d at 777. *See also Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932) (where the same act or transaction constitutes a violation of two distinct statutory provisions, "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.").

By the "same evidence" test, the offenses charged are not the same.[1] Attempted murder necessarily includes the element of intent to kill, but assault does not. First degree assault necessarily contains the element of assault, but attempted murder does not; the substantial step necessary to prove attempted murder may be something other than an assault.

---

[1] To convict on a charge of attempted second degree murder, the State must prove the defendant took a substantial step toward the murder with the intent to commit murder. RCW 9A.28.020(1); RCW 9A.32.050(1)(a). First degree assault requires proof of an assault committed with the intent to inflict great bodily harm that either involves the use of deadly force or results in great bodily harm. RCW 9A.36.011(1)(a), (c).

■ The "same evidence" test is not dispositive. *See Calle*, 125 Wn.2d at 778, 780. Two convictions may still constitute double jeopardy even though the offenses clearly involve different legal elements, if the court finds clear evidence that the Legislature intended to impose only a single punishment. *Calle*, 125 Wn.2d at 780. The purposes of the pertinent statutes may provide such evidence. In *Calle*, the court cited with approval this court's analysis in *State v. Birgen*, 33 Wn. App. 1, 14, 651 P.2d 240 (1982), *review denied*, 98 Wn.2d 1013 (1983). *Birgen* holds that separate convictions for third degree rape and statutory rape cannot stand if based on the same incident because the statutory scheme shows an intent to impose a single punishment for a single act of sexual intercourse, the degree of punishment being dependent on the underlying circumstances.[2] The *Calle* court found no comparable intent reflected in the rape and incest statutes, which are directed toward separate evils. *Calle*, 125 Wn.2d at 781.

■ This court has already held that an assault that ends in murder is punished only once, as murder. *State v. Read*, 100 Wn. App. 776, 791-92, 998 P.2d 897 (2000). The court reasoned that the assault and murder statutes are directed at the same evil, assaultive conduct. The essential difference between them "is the grievousness of the harm caused by the conduct. When the harm is the same for both offenses, as in this case, it is inconceivable the Legislature intended the conduct to be a violation of both offenses." *Read*, 100 Wn. App. at 792.

In light of *Read*, we find it unlikely that the Legislature intended to punish the same assaultive act both as assault and attempted murder. There is no reason to conclude that a stabbing should result in only one conviction if the victim dies, but should result in two convictions if the victim survives.

---

[2] *See also State v. Portrey*, 102 Wn. App. 898, 906, 10 P.3d 481 (2000) (statutory scheme indicates that possession of over 40 grams of marijuana cannot support one conviction for possession and another conviction for possession with intent to manufacture or deliver even though the offenses are not legally identical); *State v. Schwab*, 98 Wn. App. 179, 988 P.2d 1045 (1999).

Further support for Valentine's position is found in *State v. Potter*, 31 Wn. App. 883, 887-88, 645 P.2d 60 (1982), cited with approval in *Calle*, 125 Wn.2d at 779. The defendant in *Potter* was convicted for reckless endangerment and reckless driving based on one incident. Considering the elements in the abstract, it was possible to commit reckless endangerment without committing reckless driving. "If, however, the statutory elements are compared in light of what did in fact occur, we observe that proof of reckless endangerment through use of an automobile will *always* establish reckless driving." *Potter*, 31 Wn. App. at 888. The court accordingly concluded that the offenses were the same, and found a double jeopardy violation.

Similarly, proof of attempted murder committed by assault will always establish an assault. Although the offenses do not contain identical legal elements, we conclude the Legislature did not intend to punish a stabbing both as an assault and as a substantial step toward the commission of murder.

Accordingly, we vacate Valentine's assault conviction. *See Portrey*, 102 Wn. App. at 906-07 (the appropriate remedy for double jeopardy violations is vacation of the lesser conviction).

## EXCEPTIONAL SENTENCE

The high end of the standard range for the attempted murder count was approximately 16 years. The high end of the standard range for the assault count was approximately 12 years. The trial court imposed an exceptional sentence of 20 years to be served concurrently for both counts.

A trial court may depart from the standard range and impose an exceptional sentence when there are substantial and compelling reasons to do so. RCW 9.94A.120(2). The exceptional sentence here was based in part on the trial court's conclusion that the defendant acted with deliberate cruelty by inflicting so many injuries.

■ Deliberate cruelty, consisting of gratuitous violence, is a valid reason for imposing an exceptional sentence. *State v. Serrano*, 95 Wn. App. 700, 712-13, 977 P.2d 47 (1999); RCW 9.94A.390(2)(a). The cruelty must be beyond that normally associated with commission of the charged offense. *Serrano*, 95 Wn. App. at 713.

■ According to trial testimony, as the victim was preparing to leave Valentine's apartment, he came up behind her in the bathroom and struck her on the head several times with his fist. She fell into the bathtub. Valentine said he was going to "cut" her, took a knife from his belt, and began stabbing her. Valentine inflicted 11 stab wounds on her upper body. By the time medical assistance arrived, she had lost half of her blood supply. She remained in a coma for over a week. Four of her wounds were in the chest, and any one of them would have been sufficient to prove a substantial step toward the commission of murder. The chest wounds and the scars left on the victim's face, neck, hands and arms by the many stabbings justified a conclusion of deliberate cruelty because repeated stabbing is gratuitous when the charge is attempted murder. *See State v. Franklin*, 56 Wn. App. 915, 918-19, 786 P.2d 795 (1989), *review denied*, 114 Wn.2d 1004 (1990).[3]

The conviction for attempted murder is affirmed, the assault conviction is vacated and the sentence is affirmed.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions. RCW 2.06.040.

KENNEDY and ELLINGTON, JJ., concur.

Review denied at 145 Wn.2d 1022 (2002).

---

[3] The trial court also concluded that comments made by Valentine to the victim during the course of the assault constituted deliberate cruelty. Because the court stated that the sentence would be the same based on either conclusion standing alone, and we find adequate support for the conclusion that the multiple injuries amounted to deliberate cruelty, it is unnecessary to discuss the alternative conclusion of deliberate cruelty based on Valentine's comments.