46 P.3d 840 (2002)
111 Wash.App. 892
In re the Personal Restraint Petition Of Anthony C. BURCHFIELD, Petitioner.
No. 47441-3-I.
Court of Appeals of Washington, Division 1.
May 28, 2002.
*842 Anthony Burchfield, appearing pro se.
James R. Dixon, Nielsen, Broman & Koch, PLLC, Seattle, for Petitioner.
David F. Thiele, Snohomish County Prosecutor Attorney Office, for Respondent.
*841 BAKER, J.
Anthony Burchfield fired a single shot, killing Shane Jacobs. Burchfield was charged with second degree intentional murder and assault in the first degree. The jury convicted him of first degree manslaughter (a lesser included offense of second degree murder) and first degree assault. In this personal restraint petition, Burchfield contends that his separate convictions and punishments for the manslaughter and assault expose him to double jeopardy. We agree. The jury could not find him guilty of first degree assault without concluding that Burchfield purposefully shot the victim. The guilty verdict for manslaughter must have been based on the same determination. Thus, in this case, proof that the defendant caused a death by purposefully shooting the victim also proved the elements of first degree assault. We also hold that the manslaughter conviction is a less serious offense than first degree assault, and thus direct that the manslaughter conviction be vacated.

I
After a heated argument, Jacobs threatened to kill Burchfield. When Jacobs approached Burchfield, Burchfield stated that he would shoot Jacobs if forced to. Jacobs responded: "Do it; take me out of my misery." When Jacobs continued walking toward Burchfield, Burchfield shot him once stating, "Peace, bro." Jacobs suffered a penetrating distant-range shotgun wound to his neck, causing his death.
Burchfield was arrested at the scene and charged with one count of second degree murder and one count of first degree assault. The jury found Burchfield not guilty of second degree murder, but guilty of the lesser included offense of first degree manslaughter and guilty of first degree assault. The court sentenced him within the standard range.
Burchfield's direct appeal did not raise the double jeopardy issue. His convictions were affirmed.[1]
In this personal restraint petition, Burchfield argues that his convictions for first degree manslaughter and first degree assault violate double jeopardy prohibitions. He also contends that the double jeopardy violation requires that his conviction for first degree assault be vacated because it is the lesser conviction.

II
In order to obtain collateral relief by means of a personal restraint petition, a petitioner must demonstrate either an error of constitutional magnitude that gives rise to actual prejudice or a nonconstitutional error *843 that inherently results in a "complete miscarriage of justice."[2]
The constitutional guarantee against double jeopardy protects against multiple punishments for the same offense.[3] But the double jeopardy clause is not violated if the Legislature specifically authorizes multiple punishments.[4]
Three steps are used in determining whether the Legislature authorized multiple punishments. We first look at the statutory language to determine whether separate punishments are specifically authorized.[5] If the language is silent, we apply the "same evidence" test to determine whether each offense has an element not contained in the other.[6] If each offense contains a separate element, we then determine whether there is evidence of a legislative intent to treat the crimes as one offense for double jeopardy purposes.[7]
Because the pertinent statutes here do not address the issue of multiple punishments, we turn to the "same evidence" test.[8] If each offense, as charged, includes an element not included in the other, and proof of one offense would not necessarily also prove the other, the offenses are not constitutionally the same and the double jeopardy clause does not prevent convictions for both offenses.[9]
Applying this analysis, the offenses charged here are not the same. Manslaughter required the State to prove a death, while the assault required an intent to inflict great bodily harm.[10]
But the "same evidence" test may not be dispositive.[11] Two convictions may still constitute double jeopardy even though the offenses clearly involve different legal elements, if there is clear evidence that the Legislature intended to impose only a single punishment.[12] Accordingly, our decision rests on whether there is clear evidence of a legislative intent to treat first degree assault and first degree manslaughter as one offense for double jeopardy purposes.
Where the State necessarily proves one offense in order to prove another offense, we have held that the Legislature could not have intended two convictions for a single act. Burchfield contends that our decision in *844 State v. Cunningham[13] controls here. In that case, the defendant was convicted of first degree manslaughter and second degree assault. On appeal, we applied the extant test: "[T]he relevant inquiry is whether the offenses are substantially identical in law or fact, or if the lesser offense is a `constituent element in the perpetration of the greater offense.'"[14] Applying the test, we vacated the assault conviction on double jeopardy grounds because the State had to prove the assault in order to prove the manslaughter.[15] Undeniably, the test used in Cunningham is no longer the proper means to determine whether double jeopardy has been violated. Thus, we do not rely on Cunningham in reaching our decision.
In State v. Valentine, the defendant repeatedly stabbed his girlfriend, which led to convictions for both first degree assault and attempted second degree murder. Valentine appealed and argued in similar fashion that "it is a violation of double jeopardy to punish the stabbing as an assault when it was also the foundation for his conviction of attempted murder." [16] We held that although the two offenses contained different elements, proof of attempted murder committed by assault will always establish an assault. Consequently, "[i]t is a double jeopardy violation to punish a stabbing separately as an assault when it is also the substantial step used to prove attempted murder."[17]
Likewise, State v. Read[18] held that a single shot could not support convictions for both second degree murder and first degree assault. In that case, the court reasoned that the assault and murder statutes are directed at the same evil-assaultive conduct.[19] The essential difference between them "is the grievousness of the harm caused by the conduct. When the harm is the same for both offenses, as in this case, it is inconceivable the Legislature intended the conduct to be a violation of both offenses."[20] Importantly, the two statutes at issue in Read are the same statutes at issue here.
Our holding in Valentine is also consistent with State v. Potter.[21] In that case, the defendant was convicted for reckless endangerment and reckless driving based on one incident. The court concluded that considering the elements in the abstract, it was possible to commit reckless endangerment without committing reckless driving.[22] But if "the statutory elements are compared in light of what did in fact occur, we observe that proof of reckless endangerment through use of an automobile will always establish reckless driving."[23] The court therefore concluded that the offenses were the same, and convictions for both violated double jeopardy prohibitions.
Here, the State concedes that if the jury had found Burchfield guilty of both first degree assault and second degree intentional murder, as charged, the result would constitute double jeopardy unless only a conviction for murder were entered. Yet the State insists that a single shot causing death can result in both a manslaughter conviction and an assault conviction. We refuse to accept such an anomalous conclusion. The jury found that Burchfield intentionally assaulted Jacobs with a firearm.[24] It also found that he recklessly caused the death of Jacobs.[25] *845 While it is true that the jury found different mens rea elements, proof that a defendant caused the victim's death by purposefully shooting him will always prove first degree assault. Although the offenses do not contain identical legal elements, we conclude that the Legislature did not intend to punish shooting a victim both as an assault and as a homicide. Accordingly, Burchfield's separate convictions and punishments for the manslaughter and assault twice expose him to jeopardy.
The appropriate remedy for a double jeopardy violation is vacation of the "lesser" conviction.[26] Burchfield argues that first degree assault was the lesser conviction because it results in injury, whereas first degree manslaughter results in death. He maintains that we should therefore vacate the assault conviction, a class A felony, and order resentencing for the "more serious" offense of first degree manslaughter, a class B felony at the time of this conviction. We disagree.
If we were to accept Burchfield's argument, resentencing for the "more serious" offense would require a reduction of his sentence from 135 months, the standard range for first degree assault with a weapon enhancement, to 53 months, the standard range for his first degree manslaughter conviction.
Burchfield has not cited any authority or legal principle that would support such an atypical result. The crux of his argument is that "in every other Washington case addressing this issue, the courts have treated homicide or attempted homicide as the more serious offense." His reliance on Valentine for the proposition that assault is the lesser offense is misplaced. While it is true that in Valentine we vacated the assault conviction, the crimes had been committed at a time when both first degree assault and attempted second degree murder were class A felonies.
The same was true in Read. At the time Read was sentenced, both second degree murder and first degree assault were class A felonies. In Cunningham, both second degree assault and second degree manslaughter were class C felonies.[27]
Additionally, the Legislature ranked the seriousness level of first degree assault as a twelve. Manslaughter was ranked three levels lower as a nine. Because first degree manslaughter as charged here is a lesser class of felony, assigned a lower seriousness level, and has a lower standard sentencing range than assault, it is the less serious offense.
Under the circumstances of this case, we hold that the Legislature did not intend to punish the purposeful shooting of a victim both as an assault and as manslaughter. Accordingly, we grant Burchfield's petition and vacate his conviction for first degree manslaughter.
REVERSED.
WE CONCUR: COX and KENNEDY, JJ.
NOTES
[1] State v. Burchfield, No. 37498-2-I, 1997 WL 288945 (Wash.Ct.App. May 27, 1997).
[2] In re Personal Restraint of Cook, 114 Wash.2d 802, 813, 792 P.2d 506 (1990).
[3] State v. Calle, 125 Wash.2d 769, 772, 888 P.2d 155 (1995); Whalen v. United States, 445 U.S. 684, 688, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980).
[4] Garrett v. United States, 471 U.S. 773, 778, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985) (citing Albrecht v. United States, 273 U.S. 1, 11, 47 S.Ct. 250, 71 L.Ed. 505 (1927)).
[5] Calle, 125 Wash.2d at 776, 888 P.2d 155.
[6] Calle, 125 Wash.2d at 777, 888 P.2d 155.
[7] Calle, 125 Wash.2d at 779, 888 P.2d 155.
[8] Calle, 125 Wash.2d at 777, 888 P.2d 155.
[9] Calle, 125 Wash.2d at 777, 888 P.2d 155. See also Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[10] Compare RCW 9A.36.011 with former RCW 9A.32.060.

RCW 9A.36.011 reads:
(1) A person is guilty of assault in the first degree if he or she, with intent to inflict great bodily harm:
(a) Assaults another with a firearm or any deadly weapon or by any force or means likely to produce great bodily harm or death; or
(b) Administers, exposes, or transmits to or causes to be taken by another, poison, the human immunodeficiency virus as defined in chapter 70.24 RCW, or any other destructive or noxious substance; or
(c) Assaults another and inflicts great bodily harm.
(2) Assault in the first degree is a class A felony.
Former RCW 9A.32.060 reads:
(1) A person is guilty of manslaughter in the first degree when:
(a) He recklessly causes the death of another person; or
(b) He intentionally and unlawfully kills an unborn quick child by inflicting any injury upon the mother of such child.
(2) Manslaughter in the first degree is a class B felony.
[11] State v. Valentine, 108 Wash.App. 24, 28, 29 P.3d 42 (2001), review denied, 145 Wash.2d 1022, 41 P.3d 483 (2002); Calle, 125 Wash.2d at 778, 780, 888 P.2d 155.
[12] Calle, 125 Wash.2d at 780, 888 P.2d 155.
[13] 23 Wash.App. 826, 598 P.2d 756 (1979), vacated, 93 Wash.2d 823, 613 P.2d 1139 (1980), on remand, 27 Wash.App. 834, 620 P.2d 535 (1980), review denied, 95 Wash.2d 1010 (1981).
[14] Cunningham, 23 Wash.App. at 860, 598 P.2d 756 (italics omitted) (quoting in part State v. Johnson, 60 Wash.2d 21, 24, 371 P.2d 611 (1962)).
[15] Cunningham, 23 Wash.App. at 860, 598 P.2d 756.
[16] Valentine, 108 Wash.App. at 27, 29 P.3d 42.
[17] Valentine, 108 Wash.App. at 26, 29 P.3d 42.
[18] 100 Wash.App. 776, 998 P.2d 897 (2000).
[19] Read, 100 Wash.App. at 792, 998 P.2d 897.
[20] Read, 100 Wash.App. at 792, 998 P.2d 897.
[21] 31 Wash.App. 883, 645 P.2d 60 (1982).
[22] Potter, 31 Wash.App. at 887-88, 645 P.2d 60.
[23] Potter, 31 Wash.App. at 888, 645 P.2d 60.
[24] RCW 9A.36.011.
[25] Former RCW 9A.32.060.
[26] State v. Portrey, 102 Wash.App. 898, 906-07, 10 P.3d 481 (2000).
[27] See also State v. Hinz, 22 Wash.App. 906, 912-13, 594 P.2d 1350 (1979) (concluding that "[s]ince attempted rape in the second degree is a class C felony ... whereas assault in the second degree is a class B felony ... it is the conviction of the lesser offense of attempted rape in the second degree which will be set aside").