[No. 50244-1-I.   Division One.   July 28, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL COLE, *Appellant*.

*Jason B. Saunders* and *Oliver R. Davis* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Dennis J. McCurdy, Deputy*, for respondent.

BECKER, C.J. — We hold that appellant's convictions for attempted first degree robbery and second degree assault, both arising from the use of a knife, do not violate the prohibition on double jeopardy. Even when a knife is involved it is possible to commit attempted robbery without committing assault, so the holdings of *State v. Potter*, 31 Wn. App. 883, 645 P.2d 60 (1982), and *State v. Valentine*, 108 Wn. App. 24, 29 P.3d 42 (2001), *review denied*, 145 Wn.2d 1022 (2002), do not apply. Finding no error with respect to the other challenged rulings, we affirm the judgment and sentence.

Cole demanded money from a stranger and tried to grab his wallet. When this did not produce results, he pulled out a knife and cut the victim's hands. He also put the knife to the victim's throat and threatened to kill him. The victim was able to summon help. Police arrived and took Cole into custody. He was charged and convicted of second degree assault and attempted first degree robbery, both charges being based on this same incident.

Cole contends on appeal that his two convictions violate the constitutional prohibition against double jeopardy by imposing two punishments for the same offense.

He argues, in part, that the two convictions violate double jeopardy because the "incident was one transaction—clearly the same criminal conduct, with one objective intent."[1] This argument appears to invoke what was known as the "same conduct" test for double jeopardy, a rule which is now defunct for purposes of federal double jeopardy

[1] Br. of Appellant at 13.

analysis. *State v. Gocken*, 127 Wn.2d 95, 101-02, 896 P.2d 1267 (1995). Our state Supreme Court likewise has refused to adopt it for purposes of double jeopardy analysis under the state constitution. The test now used emphasizes statutory elements, not the facts of the transaction. *See Gocken*, 127 Wn.2d at 107.

Cole also invokes the rule that doubts in the construction of a penal statute will be resolved in favor of lenity. He quotes language from *State v. Arndt*: " 'in case of ambiguity the construction will be against turning a single transaction into multiple offenses.' " *State v. Arndt*, 87 Wn.2d 374, 385, 553 P.2d 1328 (1976) (quoting *Commonwealth v. Colonial Stores, Inc.*, 350 S.W.2d 465, 467 (Ky. 1961)). But *Arndt* is not a double jeopardy case. *Arndt* is concerned with ensuring that jurors are unanimous in convicting for each charged offense. The language quoted by Cole is part of a test for determining whether a statute describes more than one offense, rather than a single offense committable by alternative means. Cole's attempt to weave the *Arndt* analysis into our tests for double jeopardy is distracting and confusing as well as legally unsupported and we reject it.

The State does not dispute Cole's premise that the two convictions both punish the same act or conduct. Cole's use of the knife against the victim made the assault a second degree assault, charged as assault with a deadly weapon under RCW 9A.36.021(1)(c). His use of the knife was also the act relied on by the State to prove attempted first degree robbery. Robbery, the taking of property from another by use of force, is elevated to the first degree when the robber is armed with a deadly weapon, or displays what appears to be a deadly weapon, or inflicts bodily injury. RCW 9A.56.200. Cole's use of the knife to try to force the victim to turn over his money was a "substantial step" toward a completed robbery. *See* RCW 9A.28.020(1) ("A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime.").

■ To impose more than one punishment for conduct that violates more than one criminal statute is not necessarily a violation of double jeopardy. The fundamental question for purposes of double jeopardy analysis is whether the legislature intended that result. *State v. Calle*, 125 Wn.2d 769, 776, 888 P.2d 155 (1995). Because the pertinent statutes do not expressly answer that question in this case, the court turns to statutory construction. The first tool of statutory construction is to inquire whether the offenses are the same both in law and in fact. If so, conviction for both offenses violates double jeopardy. If they are not the same in law, there is a strong presumption that the legislature intended separate punishment for each offense, even if they are committed by a single act. *Calle*, 125 Wn.2d at 780. This presumption "should be overcome only by clear evidence of contrary intent." *Calle*, 125 Wn.2d at 780.

■ Cole concedes that his convictions for attempted first degree robbery and second degree assault are not the same in law. They involve different legal elements, including different elements of intent. Thus, under *Calle*, there is a strong presumption that the legislature intended to punish the use of the knife as two separate offenses. Nevertheless, *Calle* recognizes that the presumption in favor of multiple punishments can be overcome by contrary indicators of legislative intent. Important indicators can be found in the legislative history of criminal statutes, as well as in the differing purposes served by various statutes, and whether or not they are located in different chapters of the criminal code. *Calle*, 125 Wn.2d at 778-80. Cole has not argued that any of these factors point toward a legislative intent to treat second degree assault and attempted first degree robbery as one offense. Indeed, the placement of the two offenses in different chapters of the criminal code is evidence of the legislature's intent to punish them as separate offenses. *See Calle*, 125 Wn.2d at 780.

■■ Cole attempts to fit his two convictions within the holdings of several cases where double jeopardy violations

were found based on features of the relationship between certain statutes. One such case is *State v. Johnson*, 92 Wn.2d 671, 679-80, 600 P.2d 1249 (1979), *disapproved on other grounds by State v. Sweet*, 138 Wn.2d 466, 980 P.2d 1223 (1999). The convictions in *Johnson* were for first degree rape, first degree kidnapping, and first degree assault. The court concluded the convictions for kidnapping and assault must be stricken even though their elements were legally distinct from rape because the offenses were incidental to the central crime of rape. It was necessary to prove one such offense in order to prove first degree rape, and the restraints and use of force did not result in any injury greater than what was encompassed by the crime of first degree rape. This tool of statutory construction is often referred to as merger. *See State v. Vladovic*, 99 Wn.2d 413, 419-21, 662 P.2d 853 (1983) (describing doctrine of merger). Cole's case does not fit within the *Johnson* exception. The State did not have to prove assault, or any other offense, in order to elevate the attempted robbery to first degree. It had to prove that Cole, with intent to commit robbery, used the knife to the point of taking a substantial step toward one of the three ways first degree robbery can be committed. *See also State v. Beals*, 100 Wn. App. 189, 193-94, 997 P.2d 941, *review denied*, 141 Wn.2d 1006 (2000) (second degree assault and attempted first degree robbery do not merge).

Cole also relies on *Potter*, 31 Wn. App. at 887-88. In that case, the defendant was punished for reckless endangerment and reckless driving in the same proceeding. The court observed that the offenses have different legal elements, but concluded that if the two offenses are "compared in light of what did in fact occur, . . . proof of reckless endangerment through use of an automobile will *always* establish reckless driving." *Potter*, 31 Wn. App. at 888. The court concluded that the legislature could not have intended reckless endangerment to be punished separately in that situation, and held the two convictions were a double jeopardy violation. *See also State v. Birgen*, 33 Wn. App. 1, 14, 651 P.2d 240 (1982), *review denied*, 98 Wn.2d 1013 (1983).

Cole's two convictions are not like those in *Potter*. Proof of assault by use of a knife will not always prove an attempted robbery, because it may not include proof of intent to rob. *See State v. Aumick*, 126 Wn.2d 422, 429-30, 894 P.2d 1325 (1995) (intent is an essential element of attempt). Nor can it be said that proof of attempted robbery by use of a knife will always prove second degree assault with a deadly weapon, because in proving a use of a knife to be the substantial step toward first degree robbery, there will not necessarily be proof that the knife used actually was a deadly weapon. The *Potter* line of cases does not help Cole.

A third case relied on by Cole is *Valentine*, 108 Wn. App. 24. In *Valentine* the convictions were for first degree assault and second degree attempted murder, both based on one stabbing incident. Applying the "what did in fact occur" reasoning of *Potter*, we found a double jeopardy violation because proof of attempted murder committed by assault will always establish an assault. *Valentine*, 108 Wn. App. at 29. Our conclusion that the legislature intended only one offense was further supported by the fact that the assault and murder statutes are directed at the same evil—assaultive conduct—and differ only in the grievousness of the harm caused by the conduct. When a stabbing leads to a conviction both for assault and attempted murder, the harm is the same for both offenses, and the legislature would have no reason to treat them as separate offenses. *Valentine*, 108 Wn. App. at 28 (citing *State v. Read*, 100 Wn. App. 776, 792, 998 P.2d 897 (2000), *aff'd*, 147 Wn.2d 238, 53 P.3d 26 (2002)).

Cole argues that his assault caused the same harm as his attempted robbery—the cuts and intimidation to his victim. But this case is not like *Valentine*. The assault and robbery statutes do not address identical evils. The assault statutes are directed at assaultive conduct. *Valentine*, 108 Wn. App. at 28. "The robbery statute is designed to discourage the taking of property from the person of another by use or threatened use of force and serves to protect individuals from loss of property and threat of violence to their per-

sons." *State v. Vermillion*, 112 Wn. App. 844, 861-62, 51 P.3d 188 (2002), *review denied*, 148 Wn.2d 1022 (2003). Viewed in that light, Cole's conduct caused more than one harm. His use of the knife was both a harmful assault and an act designed to make the victim give up his property. *See also Vladovic*, 99 Wn.2d at 421 (separate punishment permitted when offenses have independent purposes or effects).

Cole's brief cites *State v. Mahoney*, 40 Wn. App. 514, 699 P.2d 254 (1985) and *Mahoney*, in turn, cites *State v. Springfield*, 28 Wn. App. 446, 624 P.2d 208, *review denied*, 95 Wn.2d 1020 (1981). These cases do not provide authority for finding a double jeopardy violation here. The double jeopardy test stated is never applied in *Mahoney*, the court resolving the issue on grounds other than double jeopardy. And in *Springfield*, the court used a merger analysis under *Johnson*, 92 Wn.2d at 680. Cole's argument fails under a *Johnson* merger analysis, as discussed above. Further, because *Springfield* involves assault combined with a completed first degree robbery rather than an attempted robbery, it is not at all clear that its analysis would apply to Cole's case in any event.

In short, we see no clear evidence overcoming the presumption in favor of multiple punishments. We conclude Cole's convictions do not violate double jeopardy.

## OPINION TESTIMONY

Cole contends that the trial court erred by admitting testimony from a police detective about the direction of a cut mark on the victim's throat.

Detective Morrell testified that based on his observations of the cut, it appeared to run from left to right. His testimony was based on firsthand knowledge and was helpful to a clear understanding of a fact put in issue by the defense—whether the victim's injuries were consistent with self-infliction. The trial court did not abuse its discretion. *See State v. Vaughn*, 101 Wn.2d 604, 611-12, 682 P.2d 878 (1984) (admission of lay opinion testimony requires suffi-

cient evidence that the witness has personal knowledge of the matter); *see also State v. Halstien*, 122 Wn.2d 109, 128, 857 P.2d 270 (1993) (affirming admission of lay opinion that substance appeared to be semen); *State v. Ferguson*, 100 Wn.2d 131, 141, 667 P.2d 68 (1983) (same).

## DISCOVERY

Cole contends that the State violated Superior Court Criminal Rule (CrR) 4.7 by failing to make timely discovery of a sheet showing that he had $13.11 on his person following his arrest.

The rule governs the obligations of the prosecutor and the defendant when engaging in discovery. A prosecutor must disclose, before the omnibus hearing, any documents, papers, photographs, or other objects that may be used in the State's case. CrR 4.7(a)(1)(v). A prosecutor must disclose any material or information within his or her knowledge that tends to negate the defendant's guilt as to the offense charged. CrR 4.7(a)(3). A prosecutor must also disclose relevant evidence if it is reasonably possible that the evidence will be used during any phase of the trial. *State v. Dunivin*, 65 Wn. App. 728, 733, 829 P.2d 799, *review denied*, 120 Wn.2d 1016 (1992). A prosecutor must "resolve doubts regarding disclosure in favor of sharing the evidence with the defense." *Dunivin*, 65 Wn. App. at 733.

During the victim's testimony, he revealed for the first time that he had given Cole at least $7 from his wallet in an effort to get Cole out of his car, and that he saw Cole place the money in his pocket. Defense counsel made a point of establishing that police found only $1.11 on Cole in the search incident to his arrest. The amount of $1.11 was recorded on a form that the State did provide to the defense pretrial in discovery. It was admitted into evidence as exhibit 36. Then, later in the trial, the State requested admission of a different document completed by the arresting officer, showing the amount of money discovered on Cole following his arrest was actually $13.11. This document had

not been provided in discovery. Cole moved for a mistrial, arguing that the State had failed to timely disclose material evidence.

The prosecutor explained that the form showing $13.11 was part of his file from the inception of the case. He said he did not have an explanation for the discrepancy. The trial court ruled that the State did not withhold any information relevant to the defense, and therefore committed no discovery violation. The court denied Cole's motion for a mistrial, admitted the second form as exhibit 37, and allowed the State to present testimony about it. Cole now contends that the State's withholding of the form recording $13.11 as the amount found was a material breach of the discovery rule. He argues that the State set the defense up to be discredited for making an issue of the victim's credibility.

The State did not set the defense up to be discredited. It was undisputed that before trial, the victim had never mentioned to anyone that he gave Cole money during the incident. The question is whether the form with $13.11 on it was information that necessarily should have been disclosed in a case of attempted robbery. We conclude it is not. Possession of the cash was not an element of attempted robbery. The State did not undertake to prove that Cole took any money from the victim, so the exact amount of money found on Cole after the attack was not material to the issue of his guilt. There is no indication in the record that the State planned to use either document at trial. Nor could the State have reasonably expected that these documents would be used at trial, when the victim had not told anyone that he gave Cole money. The court did not abuse its discretion in denying Cole's various requests for remedial action.

## SENTENCE

Cole unsuccessfully requested a sentence below the standard range on the basis that the victim was the initiator, willing participant, aggressor, or provoker of the incident.

The basis for his request was the testimony of his girl friend, who said the interaction began when the victim approached her to solicit prostitution and drugs. Cole reasons that because the jury acquitted the girl friend, who was his co-defendant, the trial court should have believed her testimony about the victim.

The jury's acquittal of the girl friend did not obligate the trial court to accept her testimony about the incident as a verity for the purposes of sentencing. To acquit her, the jury did not need to believe her testimony; they needed only to have a reasonable doubt about her guilt. Generally, a defendant may not appeal from a standard range sentence. RCW 9.94A.585(1). This case does not present an exception to that rule. The court did not refuse to exercise discretion. *See State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997), *review denied*, 136 Wn.2d 1002 (1998). The court considered Cole's request for application of a mitigating factor, heard extensive argument on the subject, and then exercised its discretion by denying the request. Cole may not appeal that ruling.

Affirmed.

ELLINGTON and APPELWICK, JJ., concur.

Review denied at 151 Wn.2d 1005 (2004).