208 P.3d 1196 (2009)
STATE of Washington, Respondent,
v.
Paul J. FUENTES, Appellant.
No. 61319-7-I.
Court of Appeals of Washington, Division 1.
June 1, 2009.
*1197 Eric J. Nielsen, Nielsen Broman Koch PLLC, Seattle, WA, for Appellant.
Dennis John McCurdy, King County Prosecutor's Office, Seattle, WA, for Respondent.
AGID, J.
¶ 1 Paul Fuentes appeals his convictions for one count of intimidating a witness and one count of felony harassment based on a threat he made to a witness who testified against him in a different case. He contends that by entering convictions on both of these charges, the trial court violated his right against double jeopardy because they are the same offense under the "same evidence" test. Because the proof required to establish the intimidating a witness charge did not establish the felony harassment charge, the two convictions were not for the same offense and did not subject Fuentes to double jeopardy. Accordingly, we affirm.

FACTS
¶ 2 In 2006, a jury found Fuentes guilty of first degree assault for stabbing Ruth Rucker. Rucker testified at trial and also appeared at the sentencing hearing. As a corrections officer escorted Fuentes out of the courtroom after the sentencing hearing, he turned to Rucker and told her that she had better move out of state or he was going to kill her. The threat was overheard by the corrections officer, who then escorted Fuentes back to appear before the court. After a discussion with the judge, Fuentes was again escorted out of the courtroom. On his way out, he told Rucker again that she better move out of the state.
¶ 3 The State then charged Fuentes with one count of intimidating a witness and one *1198 count of felony harassment. For the intimidating a witness count, the State alleged that Fuentes "did knowingly direct a threat to Ruth Rucker, a former witness because of the witness' role in an official proceeding." For the felony harassment count, the State alleged that Fuentes "knowingly and without lawful authority, did threaten to cause bodily injury immediately or in the future to Ruth Rucker, by threatening to kill Ruth Rucker, and the words or conduct did place said person in reasonable fear that the threat would be carried out."
¶ 4 A jury found Fuentes guilty as charged. The court sentenced Fuentes to a standard range sentence on both counts. The court also found that the two offenses were the same criminal conduct and ordered that the sentences run concurrently. The court rejected Fuentes' argument that convicting him of both offenses violated double jeopardy.

DISCUSSION
¶ 5 Fuentes contends that by convicting him of both charges, the trial court punished him twice for a single threat and subjected him to double jeopardy. We disagree, but our attempt here to reconcile our State's decisions applying the "same evidence" test of the double jeopardy analysis brings to mind one court's apt description of the concept as "a jurisprudential greased pig  easy to see, but tough to grasp."[1]
¶ 6 We begin with the double jeopardy clauses of the Fifth Amendment and article 1, section 9 of the Washington Constitution which protect a defendant from multiple punishments for the same offense.[2] Subject to constitutional constraints, the legislature has the power to define offenses and set punishments.[3] The State may bring multiple charges arising from the same criminal conduct in a single proceeding.[4] But multiple convictions that carry sentences that are served concurrently may violate the rule against double jeopardy.[5] Double jeopardy is implicated when the court exceeds the authority granted by the legislature and imposes multiple punishments when multiple punishments are not authorized.[6]
¶ 7 To determine whether the legislature intended to punish crimes separately, we apply the four-part test enunciated in State v. Freeman.[7] First, we look at the statutory language to determine if separate punishments are specifically authorized.[8] If we cannot ascertain this from the language itself, we next apply the "same evidence" test.[9] Under that test, we ask whether one offense includes an element not included in the other and proof of one offense would not necessarily prove the other.[10] If that is the case, we presume that the crimes are not the same for double jeopardy purposes.[11] Third, if applicable, we use the merger doctrine to determine legislative intent even if two crimes have formally different elements.[12] Finally, even if on an abstract level the two convictions appear to be for the same offense or for charges that would merge, we must determine whether there is an independent purpose or effect for each offense.[13] If so, *1199 they may be punished as separate offenses without violating double jeopardy.[14]
¶ 8 Both parties agree that legislative intent is not explicit in the language of the statutes themselves. Thus, our analysis here begins with the "same evidence" test. Fuentes contends that as charged and proved here, his convictions for intimidating a witness and felony harassment violate double jeopardy under the "same evidence" test. He argues that even though each statute contains elements not contained in the other, the proof relied on here to support the intimidating a witness charge necessarily proved the felony harassment charge. He asserts that the State's evidence that he made a threat to kill a witness that was taken seriously established the elements of both charges.
¶ 9 Under the "same evidence" test, offenses are not constitutionally the same and double jeopardy does not prevent convictions for both offenses if each offense, as charged, includes an element not included in the other and proof of one offense would not necessarily prove the other.[15] This test requires the court to determine whether each statutory provision "`requires proof of a fact which the other does not,'"[16] and whether "`the evidence required to support a conviction upon one of [the charged crimes] would have been sufficient to warrant a conviction upon the other.'"[17] In Calle, the court held that convictions for rape and incest that were based on the same act of sexual intercourse did not violate double jeopardy because they were not the same offenses under the "same evidence" test. As the court explained: "Although the offenses charged may be identical in fact  i.e., both occurred when the Defendant had sexual intercourse  they are not identical in law. Incest requires proof of relationship; rape requires proof of force."[18]
¶ 10 But in a later case, In re Personal Restraint of Orange, the court held that first degree assault and first degree attempted murder were the same offense because they were based on a single gunshot directed at the same victim.[19] The court concluded that because the substantial step of the attempted murder  shooting at the victim  was the first degree assault (assault committed by firearm), the two crimes were the same in law and in fact because the evidence required to support the attempted first degree murder was sufficient to convict Orange of first degree assault.[20]
¶ 11 Here, applying the "same evidence" test, we examine each crime to determine whether it includes any element not included in the other and whether or not proof of one offense would necessarily prove the other.[21] The elements of intimidating a witness are that the defendant made a threat, that the threat was made to a former witness, and that it was made because of the victim's role as a witness.[22] The elements of *1200 felony harassment are that the defendant knowingly made a threat to kill and the victim reasonably feared that the threat would be carried out.[23] Each crime requires proof of one or more elements that is not required to establish the other crime. Intimidating a witness requires proof of the additional element that the victim be a witness, and felony harassment requires proof of the additional elements of a threat to kill and the victim's reasonable fear the threat would be carried out. Therefore, as in Calle, although the charged offenses may be identical in fact because they were both based on a threat to kill a witness, they are not the same under the "same evidence" test because each crime required proof of additional facts not necessary to prove the other crime. Indeed, we recently held in State v. Meneses that convictions for intimidating a witness and telephone harassment which were based on the same voicemail message did not violate double jeopardy because the crimes were "not the same both in fact and in law."[24]
¶ 12 Fuentes argues that under Orange, the two crimes were the same in law and in fact because the proof in support of the intimidating witness charge also proved the felony harassment charge. Fuentes is correct that the State proved a threat to kill made directly to a witness who took the threat seriously, and this evidence supported both charges. But in Orange, the court held that the offenses were identical in both fact and law because "`the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other.'"[25] Here, the State's case went beyond the evidence necessary to support the intimidating a witness conviction and was not required to establish that offense. It required only proof of a threat to a witness, not proof of a threat to kill or proof that the witness knew of the threat and believed it would be carried out.[26]
¶ 13 Thus, Fuentes fails to show that "`the evidence required to support a conviction upon one of [the charged offenses] would have been sufficient to warrant a conviction upon the other.'"[27] Rather, he simply established that a single act supported an offense under two statutes, which does not in itself demonstrate a double jeopardy violation.[28] As the court reiterated in Orange:
"`A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant *1201 from prosecution and punishment under the other.'"[[29]]
Accordingly, we hold that Fuentes' convictions for both offenses were not the same under the "same evidence" test.
¶ 14 Next, we apply the final step of the Freeman double jeopardy analysis and determine whether there is an independent purpose or effect for each offense.[30] In doing so, we presume that these offenses were intended to be punished separately "`unless there is a clear indication that the legislature did not intend to impose multiple punishments.'"[31] We agree with the State that an examination of the statutes and their purposes evidences a legislative intent to punish these crimes separately.
¶ 15 First, as the State notes, the statutes are located in different chapters of the criminal code, as was the case in Calle. Intimidating a witness is included in chapter 9A.72 RCW, under "Perjury and Interference with Official Proceedings," whereas felony harassment is contained in a separate chapter, RCW 9A.46 under "Harassment." Additionally, as the State contends, each statute contemplates different purposes. The purpose of the intimidating a witness statute is to preserve the State's ability to effectively investigate and prosecute criminal offenses,[32] whereas the Harassment statute "is aimed at making unlawful the repeated invasions of a person's privacy by acts and threats which show a pattern of harassment designed to coerce, intimidate, or humiliate the victim."[33] In fact, in Meneses, we recently relied upon a similar distinction between the crimes of intimidating a witness and telephone harassment to reject the defendant's double jeopardy claim:
While both [crimes] required threats, each served different purposes. For intimidating a witness, the threat's purpose was to interfere with the reporting of information to the police whereas the purpose of the other [telephone harassment] is to harass or intimidate the call's recipient for any reason.[[34]]
Fuentes has failed to identify any clear evidence of legislative intent that these crimes are not to be punished separately. Thus, the trial court did not violate his right against double jeopardy by entering convictions on both offenses.
¶ 16 We affirm.
WE CONCUR: SCHINDLER, C.J., and BECKER, J.
NOTES
[1] Boyd v. Meachum, 77 F.3d 60, 64 (2d Cir.), cert. denied, 519 U.S. 838, 117 S.Ct. 114, 136 L.Ed.2d 66 (1996).
[2] State v. Noltie, 116 Wash.2d 831, 848, 809 P.2d 190 (1991).
[3] State v. Calle, 125 Wash.2d 769, 777-78, 888 P.2d 155 (1995).
[4] State v. Freeman, 153 Wash.2d 765, 771, 108 P.3d 753 (2005).
[5] Calle, 125 Wash.2d at 773, 888 P.2d 155.
[6] Id. at 776, 888 P.2d 155.
[7] 153 Wash.2d 765, 108 P.3d 753 (2005).
[8] Id. at 776, 108 P.3d 753.
[9] Id. This test is also known as the "same elements" test and the "Blockburger" test, enunciated in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In re Pers. Restraint of Orange, 152 Wash.2d 795, 816, 100 P.3d 291 (2005).
[10] Calle, 125 Wash.2d at 777, 888 P.2d 155.
[11] Id.
[12] Freeman, 153 Wash.2d at 772, 108 P.3d 753.
[13] Id. at 773, 108 P.3d 753.
[14] Id.
[15] Calle, 125 Wash.2d at 777, 888 P.2d 155.
[16] Orange, 152 Wash.2d at 817, 100 P.3d 291 (emphasis omitted) (quoting Blockburger, 284 U.S. at 304, 52 S.Ct. 180).
[17] Id. at 816, 100 P.3d 291 (internal quotation marks omitted) (quoting State v. Reiff, 14 Wash. 664, 667, 45 P. 318 (1896)).
[18] Calle, 125 Wash.2d at 778, 888 P.2d 155.
[19] 152 Wash.2d 795, 820, 100 P.3d 291 (2005).
[20] Id. The Orange opinion also cited State v. Potter, 31 Wash.App. 883, 645 P.2d 60 (1982), and In re Pers. Restraint of Burchfield, 111 Wash. App. 892, 46 P.3d 840 (2002). Id. In Potter, the court held that convictions for reckless driving and reckless endangerment based on the defendant's excessive speed violated double jeopardy because "proof of reckless endangerment through use of an automobile will always establish reckless driving." Potter, 31 Wash.App. at 888, 645 P.2d 60 (emphasis omitted). In Burchfield, the court held that convictions for first degree manslaughter and first degree assault arising out of the same gunshot violated double jeopardy even though the crimes contained different elements. 111 Wash.App. at 845, 47 P.3d 576.
[21] Calle, 125 Wash.2d at 777, 888 P.2d 155.
[22] RCW 9A.72.110(2). The statute provides in relevant part: "A person also is guilty of intimidating a witness if the person directs a threat to a former witness because of the witness's role in an official proceeding." The statute also defines "threat" as: "To communicate, directly or indirectly, the intent immediately to use force against any person who is present at the time; or ... as defined in RCW 9A.04.110(25)." RCW 9A.72.110(3) (footnoted omitted). "Threat" is defined in part in RCW 9A.04.110(27) as "to communicate, directly or indirectly the intent: (a) To cause bodily injury in the future to the person threatened or to any other person."
[23] RCW 9A.46.020(1). The statute provides in relevant part:

(1) A person is guilty of harassment if:
(a) Without lawful authority, the person knowingly threatens:
(i) To cause bodily injury immediately or in the future to the person threatened or to any other person ...
. . . .
[and] (b) The person by words or conduct places the person threatened in reasonable fear that the threat will be carried out....
. . . .
[2](b) A person who harasses another is guilty of a class C felony if ... the person harasses another person under subsection (1)(a)(i) of this section by threatening to kill the person threatened or any other person.
[24] 149 Wash.App. 707, 710, 205 P.3d 916, 917 (2009).
[25] 152 Wash.2d at 816, 100 P.3d 291 (some emphasis omitted) (internal quotation marks omitted) (quoting Reiff, 14 Wash. at 667, 45 P. 318).
[26] Fuentes appears to argue that both charges required proof that the victim reasonably feared the threat, relying on a jury instruction the trial court gave defining "threat" for the intimidating a witness charge. That instruction stated: "To be a threat, a statement or act must occur in a context or under such circumstances where a reasonable person would foresee that the statement or act would be interpreted as a serious expression of intention to carry out the threat." But this is not the same as the proof required for felony harassment, which requires that the victim reasonably fear the threat, not just a reasonable person. As discussed above, the crime of intimidating a witness does not require proof that the witness reasonably feared the threat would be carried out.
[27] Id. at 816, 100 P.3d 291 (some emphasis omitted) (internal quotation marks omitted) (quoting Reiff, 14 Wash. at 667, 45 P. 318).
[28] Id. at 817, 100 P.3d 291.
[29] Id. (quoting Blockburger, 284 U.S. at 304, 52 S.Ct. 180).
[30] Freeman, 153 Wash.2d at 773, 108 P.3d 753. We omit the third step because the merger doctrine does not apply here.
[31] State v. Womac, 160 Wash.2d 643, 652, 160 P.3d 40 (2007) (quoting State v. Gohl, 109 Wash. App. 817, 821, 37 P.3d 293 (2001), review denied, 146 Wash.2d 1012, 52 P.3d 519 (2002)). See also Calle, 125 Wash.2d at 780, 888 P.2d 155 (recognizing that this presumption "should be overcome only by clear evidence of contrary intent").
[32] Laws of 2004, ch. 271.
[33] RCW 9A.46.010. The fact that the person who was harassed was also a witness does not prevent a conviction for felony harassment. While only a witness can be a victim of the intimidation crime, anyone can be a victim of harassment.
[34] 149 Wash.App. at 715, 205 P.3d at 920.